DEERE, WELLS & CO. v. CHICAGO, M. & ST. P. RY. CO. et al.

(Circuit Court, S. D. Iowa, W. D. January 17, 1898.)

1. REMOVAL OF CAUSES—JOINDER OF DEFENDANTS—MOTIVE.
    If a person has a cause of action on which he may properly sue either one or two parties, and he chooses to sue both, he may do so, though his motive in joining them is to prevent a removal to a federal court.

2. SAME—IRRESPONSIBLE DEFENDANT.
    A defendant who is legally liable together with another, and whose presence defeats the right of removal, is neither a nominal nor sham party merely because he is pecuniarily irresponsible, so that a judgment against him would be of no value.

3. SAME—SEPARABLE CONTROVERSY.
    An action for damages against a railroad company incorporated by another state, and one of its section foremen, who is a citizen of the same state with plaintiff, charging them jointly with setting out a fire on the railroad right of way to clear it of dry grass and weeds, and negligently permitting it to spread to plaintiff's premises, does not disclose a separable controversy, which would enable the railroad company to remove the cause.

This was an action at law by Deere, Wells & Co. against the Chicago, Milwaukee & St. Paul Railway Company and Slack Peterson to recover damages. The cause was heard on a motion to remand it to the state court, from which it was removed by defendant.

Harl & McCabe, for plaintiff.
John N. Baldwin and Charles R. Keeler, for defendants.

SHIRAS, District Judge. The question presented by the motion to remand grows out of the following facts: The Chicago, Milwaukee & St. Paul Railway Company for years past has owned and operated a line of railway across the state of Iowa, and terminating at Council Bluffs. In December, 1895, Slack Peterson was a section foreman in the employ of the railway company, having charge over that portion of the right of way which is within the corporate limits of the city of Council Bluffs; and on the 15th day of December, 1895, for the purpose of freeing the right of way from an accumulation of dry grass and weeds, he set fire to the same on the right of way, and the fire thus started spread from the right of way to the adjoining premises, occupied by the plaintiff company, and burned the warehouse and contents situated thereon. The plaintiff company brought suit in this court against the railway company to recover the damages caused by the destruction of the warehouse and its contents, which case came on for trial at the March term, 1897; and after the evidence had been substantially completed the plaintiff dismissed the action, and on the same day brought an action for the recovery of the damages caused by the burning of the warehouse and contents, in the district court of Pottawattamie county, Iowa, against Slack Peterson and the railway company; and thereupon the railway company in due season filed a petition for the removal of the case into the federal court, averring therein that the plaintiff company was when the suit was brought, and continued to be, a corporation created under the laws of the state of Iowa; that the defendant railway company was, and continued to be, a corporation created under the laws of the state of Wisconsin; that Slack Peterson was, and continued to be, a citizen of the state of Iowa; that the amount in controversy, exclusive of interest and costs, exceeded the sum of $2,000, the damages claimed being in the sum of $130,000. The petition for removal, after reciting the facts above stated as grounds for the removal of the case, contained the averments following:

"That on the same day plaintiff dismissed said case in the said United States court, to wit, the 18th day of March, 1897; and within a few hours after such dismissal said plaintiff instituted the present suit in the district court of the state of Iowa, in and for Pottawattamie county, against this defendant, and also joining as a party defendant in this action Slack Peterson, this defendant's section foreman. Your petitioner further respectfully shows and represents that the plaintiff has fraudulently and improperly joined the said Slack Peterson as a co-defendant with your petitioner; that said Slack Peterson was at the time of the alleged happening of the acts complained of in plaintiff's petition, to wit, the 13th day of December, 1895, ever since has been, and is now, a section foreman of this defendant; that said Slack Peterson was at said time, and is now, an agent of this defendant in charge of five employés of the defendant Chicago, Milwaukee & St. Paul Railway Company, called 'section men,' and employed to look after and care for the tracks and right of way of this defendant in the city of Council Bluffs, Iowa; that said Slack Peterson at the present time discharged, and for many years past has discharged, the ordinary duties of a section foreman on a railway, such as leveling up the tracks of this defendant, taking out old ties and putting in new ones, mowing the grass and weeds

on this defendant's right of way, and, at the proper times and places, burning off the same, and all such duties incident to the care of defendant's right of way; that said Slack Peterson is a man of no means or estate whatever, out of which any judgment against him could be collected, and was at the time of the commencement of this suit, and for many years prior thereto, earning only the sum of sixty-five dollars a month, and plaintiff never made any demand or claim against said Peterson for its alleged damages, as shown by his affidavit hereto attached, marked 'Exhibit B'; that all of the above facts were well known to the plaintiff and its representatives at the time it instituted this suit; that the plaintiff has improperly and fraudulently joined said Slack Peterson as a party defendant with your petitioner in this case for the sole and express purpose of defeating the jurisdiction of the United States court for the Southern district of Iowa, Western division, and with the sole, improper, and fraudulent purpose and intent of preventing this defendant from removing this case to said United States circuit court, as shown by the matters and things hereinbefore stated and alleged. And your petitioner, as a further ground of removal of this case to the said circuit court of the United States, as hereinafter prayed, shows to the court that the acts or charges of negligence and the alleged want of due care and prudence upon which the plaintiff bases its cause of action against the defendants in this suit are not the joint acts or omissions of your petitioner and the defendant Slack Peterson; that the said cause of action, as appears from the petition of the plaintiff filed herein, does not arise out of, and is not connected with, the failure of the defendants herein to perform any joint duty or to observe any joint obligation imposed upon them by law, or which they may have owed to the plaintiff herein; that no unity of interest or concert of action is charged against the defendants by the plaintiff, and none existed, in respect to the acts or omissions and the matters and things complained of and charged in said petition as the basis and ground of the plaintiff's alleged cause of action, but that all of the acts and omissions of each of said defendants, as charged in the plaintiff's petition, are the separate and several acts and omissions of the defendant so charged, and not their joint acts or omissions. Your petitioner further shows and represents that it is not jointly liable, if liable at all, with its said section foreman, Slack Peterson, but is liable severally only, if liable at all, for the acts complained of in plaintiff's petition; that your petitioner, if liable at all, is made so by the alleged negligence and wrongful acts of the said section foreman, Slack Peterson, while acting as this defendant's agent and servant, and that your petitioner had no share in the negligent or wrongful acts alleged to have been committed and complained of in plaintiff's petition, except through said section foreman, Slack Peterson, while acting as your petitioner's agent, and that, if your petitioner is liable at all in this case for the alleged negligent or wrongful acts of the said Slack Peterson, it is solely on account of the relationship of master and servant existing between this defendant and the said Slack Peterson, and not because of any concert of action as between this defendant and the said Slack Peterson with respect to the alleged negligent acts or omissions alleged in plaintiff's petition."

It thus appears that the defendant Slack Peterson is a citizen of the same state with the plaintiff company, and the question is whether the facts recited in the petition for removal show a ground upon which the right of removal can be lawfully based. There is no question that the state court had jurisdiction over the case, and to deprive it of this jurisdiction it must appear that this court can rightfully, under the existing statutes, take the jurisdiction to the exclusion of the state court. From the averments found in the petition for removal, three general facts seem to be relied on as a basis for the right of removal, to wit: That the motive and purpose of the plaintiff in joining Peterson as a co-defendant was to defeat the right of removal, which, in his absence as a party, would have existed in favor of the railway company; that Peterson, by reason of his want of property, and inability to respond to

the amount of damages asked in the case, must be held to be a nominal or sham defendant; and, lastly, that the case involves a severable controversy, and is therefore removable, under the provisions of the statute now in force.

With regard to the first ground, it is sufficient to say that the motive actuating the plaintiff in bringing the suit against both defendants cannot be relied on as a ground for removing the case into this court. The railway company, by filing the petition for removal, has declared its preference to be in favor of trying the case in the federal court; and the plaintiff, by bringing the suit in the state court, has declared its preference to be in favor of the state court. The motive of the railway company in seeking a removal is to avoid a trial in the state court, and the motive of the plaintiff in joining the defendants is to avoid a trial in the federal court. These motives cannot be availed of to defeat the right of removal, if it legally exists, nor to defeat the right to remain in the state court, if the statute does not authorize a removal.

Coming then to the second ground set forth, to wit, that Peterson must be deemed to be merely a nominal or sham defendant, the question is whether he can be held to be either the one or the other. With regard to nominal defendants, the general rule is stated in Walden v. Skinner, 101 U. S. 577, in the following terms:

"Cases arise in the federal courts in which nominal or even immaterial parties are joined, on the one side or the other, with those who have the requisite citizenship to give the court jurisdiction in the case; and where that is so the rule is settled that the mere fact that one or more of such parties reside in the same state with one of the actual parties to the controversy will not defeat the jurisdiction of the court. Decisive authority for that proposition is found in a recent ruling of Mr. Justice Miller, in which he states to the effect that mere formal parties do not oust the jurisdiction of the court, even if they are without the requisite citizenship, where it appears that the real controversy is between citizens of different states."

See, also, Wood v. Davis, 18 How. 467; Bacon v. Rives, 106 U. S. 99, 1 Sup. Ct. 3.

Under the rule recognized in these cases, it cannot be said that a defendant who is declared against as a party to the tort upon which the suit is based is merely a nominal party, whose citizenship may be disregarded. Under the allegations in the petition forming the foundation of this action, Peterson is declared against as an actual participant in the wrong complained of, and judgment for the damages suffered is prayed against him, as well as against the railway company; and, according to the allegations of the petition for removal, Peterson is the actual wrongdoer in the transaction; so that under no view of the matter can it be held that he is merely a formal party, having no personal or direct interest in the actual controversy. Do the facts averred in the petition for removal show that he is in fact a sham defendant? Counsel for the defendant railway company have cited in their brief several cases in support of the contention that the facts of the case show that Peterson must be held to be a sham defendant, or, in other words, one who is made a defendant without right, and for the sole purpose of defeating the right of removal to this court; and among these cases are Dow v. Bradstreet

Co., 46 Fed. 824, and Durkee v. Railroad Co., 81 Fed. 1. In the first named of these cases, Dow sued the Bradstreet Company and one Green for damages alleged to have been caused him by the circulation of a report touching his business and financial standing, which was alleged to be false; it being charged in the petition that Green was the agent of the Bradstreet Company, by whom the report was gotten up, which the company furnished to its subscribers. The Bradstreet Company sought to remove the case from the state to the federal court, and averred in the petition for removal that Green was not, and never had been, the agent of the company, did not in fact make or forward the alleged untrue report, and had no connection therewith, and, based upon these facts, averred that Green was made a party defendant solely for the purpose of defeating a removal of the case. The petition for removal was supported by the affidavit of Green reciting the same facts. Upon the filing of the transcript in the federal court a motion to remand was made, upon which it was held that, as the motion did not take issue on the facts averred in the petition for removal, these must be assumed to be true, and that, if the facts averred were true, it clearly appeared that Green was not the agent of the Bradstreet Company, did not in fact send the report complained of, and had no connection therewith, and therefore the conclusion was inevitable that his joinder as a defendant was made solely to defeat the right of removal; it being further held that it was open to the plaintiff to take issue on the facts averred in the removal petition, in which event the court would hear the evidence, and determine the facts therefrom. In Durkee v. Railroad Co. the same rule was followed; the averments in the petition for removal showing that the Cherokee & Dakota Railroad Company, which was joined as a defendant, was not an existing corporation, and had, in fact nothing to do with the operation of the train upon which the accident to plaintiff happened. The difference between these cases and the one now under consideration is marked and self-apparent. If the removal petition in this case averred that Peterson had never been in the employ of the railway company, did not in fact set out the fire which caused the injury complained of, and had no connection with the transaction, then it would present the question which was decided in the cases just named. But such is not the fact. The petition for removal expressly avers that Peterson was a section foreman in the employ of the railway company, and as such had charge of the right of way where the fire started, and does not deny the averments of the plaintiff's petition with regard to Peterson's connection with the fire, and avers that, if liable at all, the railway company "is made so by the alleged negligence and wrongful acts of the said section foreman, Slack Peterson, while acting as the defendant's agent and servant." A ruling that a defendant may be held to be a sham defendant because it appears that he had no connection with the wrong complained of does not justify the holding that a person who it is admitted had a direct connection therewith, and whose acts and omissions largely, if not wholly, caused the injury, can also be held to be a sham defendant. It certainly could not be held that the defendant railway company is a sham defendant to this suit, and yet it

certainly had no more to do with the cause of action than Peterson. And no additional force can be given to this contention on the ground that Peterson is a man of little or no property.   If Peterson is legally liable for the damages caused the plaintiff company by the burning of its property, it has the right to sue him and obtain judgment against him; and it cannot be objected to the suit against him, whether he is sued alone or jointly with others, that he is without means, and that, if recovered, a judgment against him cannot be collected.   For these reasons it cannot be held that Peterson is either a nominal or sham defendant in this action.   The plaintiff had a right to make him a defendant, and his presence on the record cannot be disregarded, in determining whether the case can be rightfully removed to this court.

We thus reach the principal contention in the case, and one which is fully and ably argued in the brief of counsel, being the question whether the case contains a separable controversy, within the meaning of the clause of the act of 1887, which enacts that when, in any suit, "there shall be a controversy which is wholly between citizens of different states, and which can be fully determined between them, then either one or more of the defendants actually interested in such controversy may remove said suit into the circuit court of the United States for the proper district."   In construing this clause of the removal statute, it is held by the supreme court that, to entitle a party to remove a suit, it must appear that it involves a separate and distinct cause of action, in respect to which all the necessary parties on one side are citizens of different states from those of the adversary parties, and, furthermore, that, if the plaintiff elects to sue several defendants jointly, the latter cannot, by pleading separately, or by relying on distinct grounds of defense, import into the case a severable controversy, within the meaning of the statute; or, in other words, the inquiry is whether the plaintiff, upon the face of the petition or declaration, shows that in fact the suit does involve severable controversies, one of which is between citizens of different states, and which can be heard and determined without the presence of any of the other parties, who may be a citizen of the same state with the plaintiff. Ayres v. Wiswall, 112 U. S. 187, 5 Sup. Ct. 90; Railroad Co. v. Ide, 114 U. S. 52, 5 Sup. Ct. 735; Pirie v. Tvedt, 115 U. S. 41, 5 Sup. Ct. 1034, 1161; Sloane v. Anderson, 117 U. S. 275, 6 Sup. Ct. 730.   If the facts averred in the petition which is the foundation of the action show that the plaintiff is relying upon more than one ground of legal liability, then it may be that the suit involves more than one controversy; but the question of the existence of a severable controversy is to be determined by the averments of the plaintiff's pleading as the same existed when the petition for removal was filed; or, to use the language of the supreme court in Graves v. Corbin, 132 U. S. 571, 10 Sup. Ct. 196, "The case, as made by the bill, and as it stood at the time of the petition for removal, is the test of the right of removal."   In Harter v. Kernochan, 103 U. S. 562, it was held that the court, in determining the right of removal, might disregard the particular position assigned by the pleader to

the parties, as plaintiffs or defendants, and should deem the parties to be plaintiffs or defendants as the facts averred showed their real connection with the controversy to be; and, following the principle thus recognized, it is the duty of the court in all cases to give consideration to the entire facts alleged in the petition, as the basis of the relief sought by the plaintiff, in order to ascertain whether in fact there are two or more severable controversies involved in the suit. The mere fact that in form the petition contains but one count is not decisive of the question; for if, upon due examination, it appears that the plaintiff, without setting the same forth in separate counts, has included in the one petition statements of facts which show that it is sought to hold one or more of the defendants liable upon a cause or ground of action which is different and separable from that relied on against the other defendants, the court will be justified in holding that the case does in fact involve more than one controversy.

Among the cases cited in the brief of counsel for the railway company are Beuttel v. Railway Co., 26 Fed. 50, and Fergason v. Railway Co., 63 Fed. 177, which fairly illustrate the application of this view of the law. In the Beuttel Case an employé of the defendant railway company was killed through the alleged negligent running and management of a train of cars; and an action for damages was brought in the state court against the engineer in charge of the train, and the railway company. The case was removed into the federal court, and therein a motion to remand was made on the ground that the case did not involve a severable controversy. On the face of plaintiff's petition it was made to appear that Fink, the person killed, was a co-employé of the engineer, Emsley, who was charged with negligence in running the train; and thus upon the face of the petition it was made clear that the basis of the action against the engineer was his personal negligence in the management of the train, and as against him the right of recovery was based upon the principles of the common law. But it was equally made clear that under the principles of the common law the railway company was not liable for the injuries to its employé caused by the negligence of a co-employé, and a right of recovery against the railway company could only be asserted under the provisions of the statute of Iowa, which in certain cases makes the railway company liable to an employé for the results of the negligence of a co-employé. Under these circumstances it was held that the petition was based upon two distinct legal grounds of action, and therefore it contained a severable controversy, justifying a removal. In the Fergason Case it appeared on the face of the petition that a switchman in the employ of the defendant railway company was injured while working about a switch engine; and it was charged that the engine was not properly equipped for services of that kind, and that the engineer and yard master were negligent in the management of the engine, in that no proper lookout was kept, whereby they failed to notice and act upon signals that were given of the accident to the plaintiff. In this case it was held that on the face of the petition it appeared that the case con-

tained two distinct and severable controversies, in that a ground of liability was charged against the railway company for the failure to furnish for the use of its employés a properly equipped engine, which duty and obligation did not rest upon the engineer or other co-employé, and with this controversy against the railway company the other named defendants had no connection.     In the case now before the court there is not involved a question connected with the liability of a railway company to an employé for the negligence of a co-employé, nor is there involved the question of the liability of a master to his servant for any failure of the master's duty.     The facts upon which the plaintiff company relies are that a fire was started upon the right of way of the defendant company, which was negligently allowed to spread to the property of the plaintiff company, causing its destruction.     The negligence charged was the failure to properly watch and guard the fire thus set out; or, to use the language of plaintiff's petition:

"The said defendants wrongfully, negligently, and carelessly failed and neglected to provide any suitable watching and care of said fire, to prevent its spreading to adjoining premises, and did carelessly and negligently suffer and permit said fire so set out and caused by the defendants to spread and be carried to the adjoining premises."

The acts charged are one, to wit, the setting out the fire, and allowing it to spread to plaintiff's property.     The legal duty counted on, and the failure to meet it, which constitute the legal foundation of the action, is the common-law duty resting upon all parties,—that every one, in the management of his own affairs, whether by himself or his servants, must so conduct them as not to negligently cause injury to others.     A person whose property is destroyed by the negligent setting out of a fire, or by the failure to exercise due care to prevent the spread of fire when set out, has a right of action against the party or parties guilty of the negligence.     If, under the facts of the case and the rules of the common law, more than one party is chargeable with the negligence inhering in the act of setting out the fire, or in not carefully watching and guarding it after it is set out, may they not be jointly sued for the damages caused by the negligence to which each is a party?     It is said, however, that this joint liability can only exist in the case of natural persons, who can act each in his own behalf, and with regard to whom it may be assumed there was a joint concert of action, rendering all equally liable, but that in case of a corporation, which can act only through its servants, it cannot be held that there was a joint concert of action, because the liability of the corporation can only be based upon the theory that it, as master, must be held liable for the negligence of its servants.     This contention is based upon the relation of master and servant; the argument being that a corporation can act only through agents or servants, and therefore in all cases its relation to a cause of action must be that of a master, because it cannot act itself, but only through its servants.     There are cases wherein the liability of the master grows out of the relation of master and servant, or, in other words, the liability is not based upon any personal failure to perform a legal duty on part of the master, but the negligent act of the servant is chargea-

ble to the master because it is connected with the business of the master, and is within the general scope of the servant's employment. But there are also cases wherein the law imposes certain duties and obligations, which are obligatory upon all, whether corporations or natural persons, which do not grow out of the relation of master and servant or principal and agent, but where the performance of the duty or obligation rests primarily upon all, and wherein a failure in performance is legally chargeable to all upon whom the duty is imposed. In such cases one who acts through another cannot escape liability by showing that he intrusted the performance of the duty to another. In such cases liability is not created because a servant or agent has been negligent in connection with the business of a master, but because the law imposes the duty and obligation, and nothing absolves the party, natural or corporate, upon whom the duty is thus imposed, except performance. Thus, the law charges every one—corporation and natural person alike—with the duty of exercising due care, when such person sets out a fire, to prevent the spread of the same, and the consequent destruction of the adjoining property. When the defendant railway company, for the purpose of clearing off its right of way, set out the fire complained of in this case, the law imposed upon the railway company the duty of exercising due care and watchfulness to prevent the spread of the dangerous agency which was being made use of to clear the right of way. This duty the company owed to the adjoining owners of property primarily, and not by reason of any relation of master and servant existing between the company and its section foreman. When, for the purposes of the railway company, the fire was set out on the right of way, the company was itself bound to exercise due care, and Peterson was also personally bound likewise, and their liability is not based upon the relation of master and servant. The plaintiff in this case is not seeking to hold the railway company liable because it occupied the relation of master to the section foreman, but on the ground that the railway company, in order to clear the right of way, set out a fire thereon, did not exercise due care to prevent the spread thereof, and negligently permitted it to extend beyond the right of way, resulting in the destruction of the property of plaintiff. The case made in plaintiff's petition is not founded upon the legal duties and responsibilities growing out of the relation of master and servant, as existing between the defendants, but is directly based upon the duty primarily resting upon all parties to use due care when they set out, or cause to be set out, in the conduct of their business, a dangerous agency like fire. In this case each of the defendants is charged with violation of the same rule of law. It is assumed that each of the defendants was chargeable with the duty of carefully watching and guarding the one fire set out for the one purpose, and it is charged that each failed in the proper performance of this duty; and the question is whether these facts thus appearing on the face of the petition show that, of necessity, the case involves at least two controversies, within the meaning of the removal act. The ruling of the supreme court in Plymouth Con. Gold Min. Co. v. Amador & S. Canal Co., 118 U. S. 264, 6 Sup. Ct. 1034, settles this proposition adversely to the conten-

tion of the defendant railway company. In that case the Amador Canal Company brought a suit in a state court in California against the Plymouth Mining Company, a New York corporation, and Hayward, Hobart, and Montgomery, citizens of California, to recover damages caused to the property of the plaintiff company, a California corporation, by mixing in the ,water used by the mining company sand, sediment, and other débris, and then allowing it to escape into the canal owned and operated by the plaintiff company. The mining company filed a petition for a removal of the case, setting up that Hayward and Hobart were stockholders and officers of the corporation; that Montgomery was its superintendent, but had no interest in the controversy; that the sole controversy was between the plaintiff and defendant corporation; and that the other defendants were nominal only, and were made defendants for the sole purpose of defeating a removal to the federal court. The supreme court held that:

"Upon the face of the complaint there is in the suit but a single cause of action, and that is the wrongful pollution of the water of plaintiff's canal by the united action of all the defendants, working together. Such being the case, the controversy was not separable, for the purposes of a removal, even though the defendants answered separately, setting up separate defenses."

In the case cited the wrong complained of was that the defendants, in carrying on the business of the defendant corporation, used an element of nature, to wit, water, and, after polluting the same, allowed it to escape into the canal owned by the Amador Company, thereby polluting the water of the canal, to the injury of the plaintiff company. In the case at bar the wrong complained of is that the defendants, in carrying on the business of the railway company, used an element of nature, to wit, fire, and negligently permitted the same to escape to the premises of the plaintiff company, resulting in the burning of the property thereon. In both cases the action is against the corporation and its employé for wrongs done in the management of the affairs of the corporation. If the former case did not present a severable controversy, upon what theory can it be said that the latter one can be distinguished from it? Furthermore, it was contended in that case, as it is in this, that the employé could not be held to be legally connected with the transaction wherein the wrong inhered, so as to be held jointly liable therefor, but that the right of action existed only against the corporation; but the supreme court held that Montgomery, the superintendent, of necessity must have had a personal connection with the alleged wrongful acts, which would make him an actual party to the suit, whose presence as a defendant could not be disregarded, and as he was a citizen of California the case could not be removed. In the case at bar the actual, personal connection of Peterson with the wrongs complained of is not left to inference, but is expressly averred in the petition for removal, and thus there appears a practical identity in the facts of the two cases; and as it was expressly held that the presence of Montgomery, the superintendent, as a co-defendant with the corporation, in that case, would defeat the right of removal, so in this case the like result must follow from the joinder of the section foreman, Peterson, as a co-defendant with the railway company.

In further support of the right of removal, counsel for the railway company rely upon the proposition that "a master is not jointly liable, and cannot be jointly sued, with his servant, for an injury caused by mere negligence of the latter in the master's absence," and in support thereof cite a number of cases decided in the state courts, and also the cases of Warax v. Railway Co., 72 Fed. 637; Hukill v. Railroad Co., Id. 745; and Hartshorn v. Railroad Co., 77 Fed. 9. In the leading case of Warax v. Railway Co., in which this general question is very fully and ably discussed by Judge Taft, the plaintiff was a switchman in the employ of the railway company, who was injured, while engaged in coupling cars, through negligence in the movement of the train by the engineer in charge thereof. Suit was brought against the engineer and the railway company in a state court in Kentucky, and the railway company petitioned for removal of the case on the ground that the plaintiff was a citizen of Kentucky; that the railway company was an Ohio corporation; that the engineer, Snyder, was a citizen of Kentucky, but had been joined as a co-defendant for the sole purpose of defeating the right of removal to the federal court. In the course of the opinion it is pointed out that the act of negligence in the movement of the train was an act of misfeasance on the part of the engineer, for which he was primarily and directly responsible to the plaintiff, whereas the railway company could only be charged with responsibility by showing that, as master, it could be held liable for the negligence of its servant, because the servant was engaged in and about the business of the master. Thus, the facts appearing on the face of the petition showed that the legal ground of liability upon which it was proposed to hold the defendants responsible was different as to each defendant, and upon this view of the case it could be said that there were involved therein severable controversies, because each was based upon different legal principles, and, if this were true, then the case could be removed on that ground. Clearly, under the statute, the Warax Case could not be properly removed into the federal court unless it involved a severable controversy. The court held that the engineer could not be regarded as a nominal or sham defendant, and expressly found that the facts averred in the petition showed a cause of action in favor of the plaintiff against the engineer for his personal misfeasance. This action, rightfully brought in the state court by the plaintiff against the engineer, was a suit between citizens of the same state, which could not be removed to the federal court unless the case also involved another controversy, separate and distinct, existing between the plaintiff and the defendant railway company, citizens of different states. So far as the reasoning in that case is in support of the proposition that the facts in the petition contained showed that the plaintiff was relying on two grounds of legal liability, the one being the direct liability of the engineer for his personal misfeasance, and the other being the derivative liability of the master for the negligence of the servant, it seems to be well founded; but if the reasoning employed is to be construed to be in support of the proposition that, if there appears to be a mis-

joinder of parties to one cause of action, one of the parties can remove the case for this reason, as is the contention in this case, then it would seem that the conclusion reached is in direct conflict with the decision of the supreme court. The joinder, whether rightful or not, of two parties as defendants to one cause of action, does not constitute a severable controversy, within the meaning of the removal statute. A misjoinder of parties may constitute a defense to one or all of the defendants, but a defense is not a controversy, within the meaning of the statute. If such a rule were adopted, what would be the practical result? The case, being removed into this court on the assumption that there had been a misjoinder of parties to a single cause of action, would continue, however, against both defendants. If the railway company should thereupon file a motion asking that the action against it be dismissed, or that it should be dismissed from the action on the ground that it could not be joined with its employé as a defendant to the one cause of action, and the court should deem the motion well taken, and thereupon should dismiss the action as against the railway company, there would then be left pending in the federal court an action solely between citizens of the same state, over which it would have no jurisdiction. If, however, upon consideration of the motion alleging misjoinder, the court should conclude that the parties were rightfully joined as co-defendants, and should overrule the motion, then there would be pending in the court an action wherein one of the defendants would be a citizen of the same state as plaintiff, and consequently the federal court would be without jurisdiction. But a careful scrutiny of the opinion in the Warax Case will show that the real ground upon which the court rested its judgment in favor of the right of removal was that the petition of the plaintiff showed that in fact the plaintiff declared on two distinct legal grounds of liability. Thus, after a full citation of authorities touching the relation of master and servant, the court said:

"It will thus be seen that the master is not held on any theory that he personally interferes to cause the injury. It is simply on the ground of public policy, which requires that he shall be held responsible for the acts of those he employs, done in and about his business, even though such acts are directly in conflict with the orders which he has given them on the subject. The liability of the servant, on the other hand, arises wholly because of his personal act in doing the wrong. It does not grow out of the relation of master and servant, and does not exist at all unless it would also exist for the same act committed, not as the servant, but as the principal. Liabilities created on two such wholly different grounds cannot, and ought not to, be joint."

In this and other portions of the opinion the court was sustaining the proposition that under the facts of that case the right of action in favor of the plaintiff against the engineer, and that against the railway company, were manifestly based upon distinct grounds of liability, and that these two actions—one against the engineer, and one against the railway company—could not be properly joined in the one suit. Some of the language used in the course of the opinion does give color to the claim that it was ruled in that case that a misjoinder of parties to one cause of action will justify a removal of the case if there is a party plaintiff and defendant who

are citizens of different states, but the reasoning of the opinion is in support of the proposition that the suit involved two distinct controversies. The question whether these two controversies— one against the co-employé for his personal negligence, and one against the railway company on the liability of the master for the negligence of its servant—could be properly joined in one suit would seem to be a matter wholly aside from the question of the right of removal. If, upon the face of the petition, it appears that the plaintiff has joined therein two controversies, separate and distinct, and that one of them is between citizens of different states, and involves the requisite amount, then the right of removal is shown to exist, no matter whether the two actions could be properly joined in one suit or not. A misjoinder of parties as defendants to one cause of action does not give a right of removal under the federal statute. A misjoinder of several causes of action in one suit is not a ground of removal. The fact that in one suit are embraced two or more severable controversies will justify a removal, provided one of the controversies is between citizens of different states, and it includes the requisite amount; and the right of removal in such case is not affected either way by the question whether the severable controversies actually included in the suit are properly so included or not. But, whatever may be said of the real ground upon which the decision in the Warax Case is founded, it is clear that the case, as appears by the facts alleged in the declaration therein, belongs to the class wherein the plaintiff seeks recovery against one defendant for his personal misfeasance, and against the other because this misfeasance was committed by one occupying the relation of servant to another, and the latter is sought to be held liable, not for any failure on his part to meet the requirements of the law, but on the ground that the master, though personally free from fault, must respond for the negligence of his servant, because the same happened in the business of the master. In the case now under consideration, as already stated, the defendant railway company is not declared against by reason of its liability to respond as master for the negligence of its servant, but on the ground that the company was directly charged with the duty of exercising due care and watchfulness to prevent the spread of the fire set out on its right of way, and that this duty was legally incumbent upon both defendants, and therefore each is directly chargeable with the same acts of misfeasance, with the same neglect to observe the legal duty resting on them; and the case therefore does not fall within the class of cases represented by Beuttel v. Railway Co., Fergason v. Railway Co., and Warax v. Railway Co., hereinbefore cited, but does fall within the class represented by Plymouth Con. Gold Min. Co. v. Amador & S. Canal Co., supra; and therefore, under the ruling in that case, it must be held that the case is not one in which the right of removal to this court exists, for the reason that one of the defendants is a citizen of the same state with the plaintiff, and the petition does not declare on two several and distinct grounds of liability, but contains only one controversy, upon which both defendants are sought to be held liable.

The motion to remand must therefore be sustained, and it is so ordered.

WOOLSON, J., concurs in the conclusion reached.