### 26132. GODDARD *v.* SELMAN *et al.*

BROYLES, C. J. 1. "Under the statute rule of civil liability, the procurer of a wrong is a joint wrong-doer. 'In all cases he who maliciously procures an injury to be done to another, whether it be an actionable wrong or a breach of contract, is a joint wrong-doer, and may be sued either alone or jointly with the actor.' Civil Code (1910), § 4469 [1933, § 105-1207]. The word 'procure,' as here used, does not require the lending of assistance in the actual perpetration of the wrong 'done by another;' but if one, acting only through *advice, counsel, persuasion,* or command, succeeds in procuring *any* person to commit an actionable wrong, the procurer becomes liable for the injury, either singly or jointly with the actual perpetrator." (Italics ours.) *Lambert* v. *Cook,* 25 *Ga. App.* 712 (104 S. E. 509). "This is true irrespective of whether there exists between the two [joint wrong-doers] any such relation as master and servant, or other relation giving to the one authority over the other." *Wilder* v. *Gardner,* 39 *Ga. App.* 608 (3) (147 S. E. 911), and cit.

2. This is a joint action for damages based on alleged malicious criminal prosecution, without probable cause, of the plaintiff, by the two named defendants, and was filed after the prosecution had finally terminated in favor of the plaintiff. The plaintiff had been arrested and jailed on a warrant for murder sworn out by the sheriff of Chattooga County; and it was alleged in the petition in this case that the two defendants maliciously advised, persuaded, and procured the sheriff to swear out the warrant by falsely telling him that the plaintiff Goddard had murdered W. M. Hicks, a deputy sheriff of said county, and that if he would arrest said Goddard they would furnish the evidence to convict him. Under the rulings in the preceding headnote the peti-

tion set out a cause of action, and the court erred in dismissing it on general demurrer. The authorities cited in the brief of counsel for the defendants are not applicable to this case.

*Judgment reversed. MacIntyre and Guerry, JJ., concur.*

DECIDED JULY 2, 1937.

*Maddox & Griffin,* for plaintiff.
*Barry Wright, Jack Rogers,* for defendants.