## SELMAN *et al. v.* GODDARD.

No. 12045. MAY 11, 1938.

*Barry Wright* and *Jack Rogers,* for plaintiffs in error.
*Maddox & Griffin,* contra.

ATKINSON, Presiding Justice. 1. The Court of Appeals made the following ruling: "1. 'Under the statute rule of civil liability, the procurer of a wrong is a joint wrong-doer. "In all cases he who maliciously procures an injury to be done to another, whether it be an actionable wrong or a breach of contract, is a joint wrong-doer, and may be sued either alone or jointly with the actor." Civil Code (1910), § 4469 [1933, § 105-1207]. The word "procure," as here used, does not require the lending of assistance in the actual perpetration of the wrong "done by another;" but if one, acting only through *advice, counsel, persuasion,* or command, succeeds in procuring *any* person to commit an actionable wrong, the procurer becomes liable for the injury, either singly or jointly with the actual perpetrator.' (Italics ours.)

*Lambert* v. *Cook,* 25 *Ga. App.* 712 (104 S. E. 509). 'This is true irrespective of whether there exists between the two [joint wrong-doers] any such relation as master and servant, or other relation giving to the one authority over the other.' *Wilder* v. *Gardner,* 39 *Ga. App.* 608 (3) (147 S. E. 911), and cit.

"2. This is a joint action for damages based on alleged malicious criminal prosecution, without probable cause, of the plaintiff, by the two named defendants, and was filed after the prosecution had finally terminated in favor of the plaintiff. The plaintiff had been arrested and jailed on a warrant for murder sworn out by the sheriff of Chattooga County; and it was alleged in the petition in this case that the two defendants maliciously advised, persuaded, and procured the sheriff to swear out the warrant by falsely telling him that the plaintiff Goddard had murdered W. M. Hicks, a deputy sheriff of said county, and that if he would arrest said Goddard they would furnish the evidence to convict him. Under the rulings in the preceding headnote the petition set out a cause of action, and the court erred in dismissing it on general demurrer. The authorities cited in the brief of counsel for the defendant in error are not applicable to this case."

The foregoing decision is not erroneous as alleged in the following assignments of error: (a) "Because the same overlooks the principle of law that the prosecutor in a criminal case is one who instigates a prosecution by making an affidavit charging a named person with the commission of a penal offense, on which a warrant is issued or an indictment or accusation is based." (b) "Because the court erred in applying the principle set out in section 105-1207 of the Code of Georgia of 1933." (c) "Because the court erred in ruling, in effect, that the prosecution was maliciously carried on."

2. The writ of certiorari having been granted, on further consideration of the case the judgment of the Court of Appeals is affirmed.  *Judgment affirmed. All the Justices concur.*