28467. BELT *v.* WESTERN UNION TELEGRAPH CO. *et al.*

DECIDED NOVEMBER 1, 1940.

*H. Cliff Hatcher,* for plaintiff.
*Hull, Barrett, Willingham & Towill,* for defendants.

SUTTON, J. Mrs. Juanita W. Belt brought suit in the city court of Waynesboro against I. L. Barron, a resident of Wilkinson County, and the Western Union Telegraph Company, a non-resident corporation, alleging that the defendants had damaged and injured her in the sum of $10,000 as thereinafter set forth. In substance it was alleged that I. L. Barron, who was mayor of Midville, Georgia, and also agent of the telegraph company, caused the company to remove a guy wire that extended from a pole on the side of the street into the street, and instructed the company to run the guy wire over the top of a building owned by the plaintiff, and to attach it upon the lot owned by the plaintiff and located immediately in the rear of said store building; that the said Western Union Telegraph Company, through its employees, their names being unknown to the plaintiff but known by the defendant company, under said instructions of I. L. Barron, went upon the top of the store building owned by the plaintiff in order to run said

guy wire over the top of the plaintiff's building, and in trampling on the top of the building damaged and injured the roof and caused it to leak, said damage being to such an extent that the plaintiff will be compelled to put a new roof on the building at a cost of $100; that the plaintiff did not give to Barron, the telegraph company, or any other person permission to run said guy wire over her building and attach it to the ground upon plaintiff's lot in the rear of her building, nor did she give this authority to any other person to permit this to be done; that while going to the back of her store building, where she was having a truck loaded, she was tripped by said guy wire that had been placed upon her land by order of I. L. Barron and the agents and employees of the telegraph company; that plaintiff did not know that the guy wire was on her land and did not see it, the end of said guy wire being hidden by weeds and tall grass; that the telegraph company was a trespasser upon her lands, not having any right whatsoever to be there, and plaintiff not knowing that they were located upon her lands until she tripped and was thrown by said guy wire, and I. L. Barron not having any right either as mayor of Midville or as agent of the defendant company to instruct the company to place said guy wire upon her said lands; that she is entitled to the free and uninterrupted use of her land, and she had the right to think that her land was free from obstructions, and it was gross carelessness, negligence and wanton disregard for the rights of others and their property for Barron to have instructed the telegraph company to enter upon her land and place thereon said guy wire, and for the telegraph company to have entered thereon and have placed thereon said guy wire without any right or claim of right whatsoever; that because of said carelessness, negligent and wanton act of I. L. Barron in instructing said employees and agents of the telegraph company, and of the employees of the telegraph company in placing on plaintiff's land said guy wire, plaintiff was injured; that she received certain personal injuries from the fall caused by the guy wire. She prayed for judgment against the defendants.

The telegraph company filed a petition and bond to remove the case to the district court of the United States for the southern district of Georgia, on the ground that under the allegations of the petition there was involved a separable controversy between citizens of different States, to wit, Mrs. Juanita W. Belt, a citizen of Geor-

gia, and the Western Union Telegraph Company, a citizen and resident of New York. The court passed an order removing the case to the Federal court, and the plaintiff excepted.

1. The question for decision is whether or not the case was removable to the United States court; and this must be determined from the allegations of the plaintiff's petition. It is contended by the plaintiff that Barron and the telegraph company were joint trespassers and as such were liable to her; and that the case was not removable to the United States court. The petition alleges that I. L. Barron instructed the telegraph company to run the guy wire over the top of the store building owned by the plaintiff, and to attach it upon the plaintiff's lot immediately in the rear of the store building; and that this was done by the employees of the telegraph company. Under the allegations of the petition it was an invasion of the plaintiff's property rights to run the wire over her building and to attach it to her land. This was a trespass for which an action would lie. Code, § 105-1401. Barron instructed or counseled that this be done, and the employees of the telegraph company actually performed the act or committed the trespass. One who procures or assists in the commission of a trespass is liable with the actual perpetrator for the damages which the owner of the property sustains thereby; and a joint action may be maintained against the party who did the act and the one who directed or assisted in its commission. Code, § 105-1207; *Markham* v. *Brown,* 37 *Ga.* 277, 281 (92 Am. D. 73); *Burns* v. *Horkan,* 126 *Ga.* 161, 165 (3) (54 S. E. 946); *Selman* v. *Goddard,* 186 *Ga.* 103 (197 S. E. 250); *McGhee* v. *Kingman,* 49 *Ga. App.* 767 (176 S. E. 55); *Goddard* v. *Selman,* 56 *Ga. App.* 116 (192 S. E. 257). But it is contended by the telegraph company that Barron did not instruct the employees of the telegraph company to go upon and damage the roof in putting the wire over the building, and that the allegation as to the $100 damages to the roof constitutes a separable controversy between the non-resident telegraph company and the plaintiff. In this respect the petition alleges substantially that Barron instructed the telegraph company to run the wire over the top of the store building and to attach it upon the plaintiff's lot in the rear of the building, and that under said instructions of Barron the employees of the telegraph company went upon the top of the building in order to run the guy wire over the building, and

trampled and injured the roof to the extent of $100 damages. As above stated, it was an actionable trespass to run the wire over her building and attach it to her lot, without her permission. As to the damages suffered by the plaintiff to her property or person as a result of such alleged trespass, the Code, § 105-2011, is applicable: "Where several trespassers are sued jointly, the plaintiff may recover, against all, damages for the greatest injury done by either. The jury may, in their verdict, specify the particular damages to be recovered of each, and judgment in such case must be entered severally." According to the allegations of the petition, the defendants were joint trespassers, and the case was not removable to the Federal court.

2. Furthermore, the charge in the petition, that the employees of the telegraph company went upon the top of her building, trampled the roof, and thereby damaged it to the extent of $100, does not render the case removable to the United States court on the ground that this allegation constituted a separable controversy between the resident plaintiff and the non-resident defendant, because it does not include the requisite amount of more than $3000, exclusive of interest and costs. In U. S. C. A. 3, title 28, § 71, it is provided, as to removal of suits from the State courts: "When in any suit mentioned in this section there shall be a controversy which is wholly between citizens of different States, and which can be fully determined as between them, then either one or more of the defendants actually interested in such controversy may remove said suit into the district court of the United States for the proper district." In U. S. C. A. 32, title 28, § 41, it is provided that the matter in controversy must exceed, exclusive of interest and costs, the sum of $3000. In Geer v. Mathieson Alkali Works, 190 U. S. 428, 432 (23 Sup. Ct. 807, 47 L. ed. 1122), it was said: "It was stated in Hyde v. Ruble, 104 U. S. 409 [26 L. ed. 823]: 'To entitle a party to a removal under this clause (second clause of section 2 of the act of 1875, same as second clause in the act of 1887) there must exist in the suit a separate and distinct cause of action in respect to which all the necessary parties on one side are citizens of different States from those on the other.' In other words, as expressed in Fraser v. Jennison, 106 U. S. 191, 194, 'the case must be one capable of separation into parts, so that, in one of the parts, a controversy will be presented with citizens of one or more

States on one side, and citizens of other States on the other, which can be fully determined without the presence of any of the other parties to the suit as it has been begun.' And when two or more causes of action are united in one suit there can be a removal of the whole suit on the petition of one or more of the plaintiffs or defendants (now only the defendants) interested in the controversy, which if it had been sued on alone would be removable. Hyde v. Ruble, supra. See also Ayres v. Wiswall, 112 U. S. 187 [5 Sup. Ct. 90, 28 L. ed. 694]." In Deere v. Chicago &c. Ry. Co., 85 Fed. 876, 888, it was said: "If, upon the face of the petition, it appears that the plaintiff has joined therein two controversies, separate and distinct, and that one of them is between citizens of different States, and involves the requisite amount, then the right of removal is shown to exist, no matter whether the two actions could be properly joined in one suit or not. . . The fact that in one suit are embraced two or more severable controversies will justify a removal, provided one of the controversies is between citizens of different States, and it includes the requisite amount." If the plaintiff's suit had been brought against the telegraph company alone for the alleged damage to the roof of the building in the amount of $100, such a case could not have been removed to the Federal court, because the requisite amount would not have been involved.

3. The case at bar was not removable to the United States Court, and the judge erred in entering the order of removal.

*Judgment reversed. Felton, J., concurs. Stephens, P. J., concurs specially.*

STEPHENS, P. J. I concur in the judgment, upon the ground that it does not apear from the petition, as I construe it, that there is a separable controversy.