## BRIGMAN *v.* BRENNER.

No. 16762. OCTOBER 12, 1949. REHEARING DENIED NOVEMBER 18, 1949.

*J. Hugh Rogers* and *John M. Slaton,* for plaintiff in error.
*Houston White,* contra.

HEAD, Justice. The order of June 10, 1947, sustaining the general demurrer of Mrs. Brigman to count 1 of the petition, became the law of the case as to the allegations of the petition as then amended. *Georgia Northern Ry. Co.* v. *Hutchins,* 119 *Ga.* 504, 510 (46 S. E. 659); *Loughridge* v. *Dalton,* 166 *Ga.* 323, 325 (143 S. E. 393); *Richardson* v. *Milikin,* 204 *Ga.* 885 (52 S. E. 2d, 451).

The effect of the ruling by Judge Bond Almand, on the same date, sustaining the special demurrers of Mrs. Brigman to count 2 of the petition as then amended, was to strike from count 2 all allegations with reference to damages as to Mrs. Brigman, and leave her as a party defendant in count 2 only as to the equitable relief sought by injunction against conveying or disposing of certain property. The amendment filed by the plaintiff to count 2, subsequently to the order of June 10 sustaining the demurrers of Mrs. Brigman, did not contain any allegations seeking a recovery for damages to the plaintiff by reason of any act of Mrs. Brigman. The plaintiff's right to recover against her, if any, therefore rests upon count 1 of the petition, under an amendment filed on June 25, 1947, which was subsequent to the order sustaining the general demurrer as to count 1.

The plaintiff's action against both defendants is based upon an alleged tort. See the Code, § 105-101. The tort forming the

basis of the action is one of physical injury. The Code, § 105-601, provides: "A physical injury done to another shall give a right of action, whatever may be the intention of the actor, unless he shall be justified under some rule of law. The intention shall be considered in the assessment of damages." The physical injury alleged is that of assault and battery. "An assault is an attempt to commit a violent injury on the person of another." Code, § 26-1401. "Battery is the unlawful beating of another." Code, § 26-1408.

Under the language of the amendment, it is not contended that Mrs. Brigman personally made any assault upon the plaintiff, nor is it contended that she, by physical acts, participated in any assault and battery of his person. The plaintiff's action against Mrs. Brigman is based on his contention that she "procured" her husband to make an assault and "aided and abetted" him during the alleged assault and battery of the plaintiff. The Code, § 105-1207, provides: "In all cases he who maliciously procures an injury to be done to another, whether it is an actionable wrong or a breach of contract, is a joint wrongdoer, and may be sued either alone or jointly with the actor."

It is necessary to analyze the allegations of the second amendment to determine whether or not a cause of action under the statute cited was alleged by the petition as amended against Mrs. Brigman. The writer has been unable to find any decision by the courts of this State in point on its facts with the present case. But compare *Lambert* v. *Cook*, 25 *Ga. App.* 712 (104 S. E. 509); *Goddard* v. *Selman*, 56 *Ga. App.* 116 (192 S. E. 257); *Price* v. *Cobb*, 63 *Ga. App.* 694, 703 (11 S. E. 2d, 822).

The amendment states the events leading up to the alleged assault and battery in the following language: "On December 21, 1946, between 8 and 8:30 o'clock p. m., petitioner opened the door of defendants' popcorn store and stated to Mrs. Brigman who was standing behind the counter, 'I just wanted to tell you that I moved my automobile. I didn't have to move it, but I found a parking place down in front of the apartment.' Petitioner made this statement to the defendant Mrs. Brigman in a matter-of-fact and natural tone of voice, and turned his back to return to his apartment, which was next door to said popcorn store."

Neither in the amendment, nor elsewhere in the petition, is there any explanation as to why the plaintiff should have gone to the popcorn store of the defendant and addressed this remark to her, "I just wanted to tell you that I moved my automobile. I didn't have to move it but I found a parking place down in front of the apartment." No allegation of the amendment shows how Mrs. Brigman could have had any interest in the parking of the plaintiff's automobile, nor why she would have been concerned in any manner by the action of the plaintiff in moving his automobile. Neither the amendment nor the petition indicates where the automobile was parked, whether upon the property of the defendants or upon the street adjoining their property. It is not shown that there had been any request by the defendant to the plaintiff to move his automobile.

It is next alleged that the plaintiff made this statement to Mrs. Brigman "in a matter-of-fact and natural tone of voice." Neither the amendment nor the petition as amended indicates the materiality of this allegation, unless it be that the plaintiff by inference means that he said or did nothing at that time to excite Mrs. Brigman, and to further show that there was nothing extraordinary or unusual in the plaintiff reporting to the defendant that he had moved his automobile, without having shown any right, interest, or concern of the defendant as to where the plaintiff's automobile might be at any time, or whether or not he had moved it.

The allegations referred to, and the petition as amended, do not show that the plaintiff was either an invitee or licensee upon the premises of the defendant under the Code, §§ 105-401, 105-402. The Court of Appeals has said that "an entry by a trespasser, as opposed to a licensee, implies an unwarranted or offensive intrusion on the premises." *DeBerry* v. *LaGrange*, 62 *Ga. App.* 74, 83 (8 S. E. 2d, 146). If the allegations of the amendment should be construed as showing that the plaintiff was a licensee upon the property of the defendants at the time of the alleged injury to him by the husband of the defendant, the wife would be liable in damages only for a wilful or wanton injury inflicted upon the plaintiff at her instance. Code, § 105-402. When a plaintiff seeks to hold the wife liable in damages for a wrong inflicted by the husband, and when, as in this case,

the plaintiff alleges no more to establish his legal status at the time of the alleged injury than inferences that he was a trespasser upon lands of the defendants, the plaintiff must clearly show that the alleged injuries were maliciously inflicted at the command or counsel of the wife or that she aided and abetted in the injuries received, in order to state a cause of action against her. *Wilder* v. *Gardner*, 39 *Ga. App.* 608 (147 S. E. 911).

The next allegation relates to the reply of the defendant, it being alleged: "Thereupon defendant Mrs. Brigman said to her husband, defendant Mr. Brigman, who was sitting in the store, 'Jim, there is that man again. I am tired of taking his insults. You have got to do something about it.' " Neither the amendment nor the petition contradicts the statement of the defendant, that "there is that man again." In so far as any allegation of the petition is concerned, this statement of Mrs. Brigman is true. The plaintiff was there again. Whether he was there for a second, third, tenth, or twentieth time is not shown by any allegation of the amendment. The defendant's statement, "I am tired of taking his insults," is not contradicted by the amendment, nor by the petition as amended.

The statement of Mrs. Brigman, which is largely relied upon by the plaintiff to establish her liability for the alleged assault and battery of the plaintiff by the defendant, is, "You have got to do something about it." This statement can not be presumed to be a command or suggestion that the husband of the defendant should violate any law. If the husband believed that his wife had been insulted by the conduct of the plaintiff, there were numerous methods he could have used to "do something about it," which would have been peaceable and legal, and this statement does not show that Mrs. Brigman intended that her husband use physical violence against the plaintiff.

It is the stated policy of our law that "the husband is the head of the family and the wife is subject to him." Code, § 53-501. While this rule may be in most instances merely a legal theory, as was suggested in *Foster* v. *Withrow*, 201 *Ga.* 266 (39 S. E. 2d, 466), it does establish a presumption that the husband's conduct is not ruled by the commands of the wife. A clear case must therefore be shown that the wife procured the husband to commit an assault and battery on the person of an-

other before she will be held liable for such tort of her husband. Such a case is not shown by this allegation of the plaintiff's amendment.

It is next alleged that, "Immediately defendant Brigman grabbed his scissors, with which he stabbed petitioner, and rushed out of the store after your petitioner with said scissors in his hand, said Mrs. Brigman following right at his heels." The allegation that Mrs. Brigman was "following right at his heels," does not show an illegal or unlawful act or purpose of the defendant at that time.

It is next alleged: "Defendant Mrs. Brigman saw defendant Brigman assault and batter petitioner as set forth in the petition as amended and, in the course of said assault and battery and before said assault and battery was completed, completely ratified the commission of said assault and battery on the petitioner by word of mouth, as follows, 'Give it to him, Jim.' " This allegation is in substance incorporated in the first amendment, which was held by the trial court to be insufficient to establish any liability as to Mrs. Brigman for the assault and battery of the plaintiff by her husband; but if it be construed, as we will construe it here, in connection with the entire amendment and the preceding allegations, it is wholly insufficient to show what acts of assault and battery had been consummated upon the person of the plaintiff at the time the statement of the defendant, "Give it to him, Jim," was made, and what acts were committed upon the person of the plaintiff after the statement was made. The allegation that the defendant, "before said assault and battery was completed, completely ratified the commission of said assault and battery," is a conclusion of the pleader and is in conflict with the immediate allegation as follows: "Defendant Mrs. Brigman well knew that defendant Brigman was assaulting and stabbing petitioner with said scissors, and it was at the time, and *after said Brigman had kicked and stabbed petitioner as set forth in the petition as amended,* and while defendant Brigman was still in the process of trying to stab. petitioner further with said scissors, that defendant Mrs. Brigman encouraged, aided, and abetted defendant Brigman to continue with said stabbing by said remark, 'Give it to him, Jim.' " (Italics ours.) Construing this allegation most strongly against the pleader, as

it must be on general demurrer, the statement of the defendant, Mrs. Brigman, "Give it to him, Jim," was made after Brigman had kicked and stabbed the plaintiff, and no assault, battery, or injury to the plaintiff is alleged or shown after the statement, "Give it to him, Jim." If this statement by the defendant should be construed as words of encouragement to her husband to continue the assault, no assault or battery of the plaintiff is shown or alleged after such statement. Under the allegations of the petition, it is clearly shown that the plaintiff received one stab wound, and the plaintiff alleged that the words were spoken "after said Brigman had kicked and stabbed petitioner as set forth in the petition as amended." It is one thing, by the use of words, to "maliciously procure" an injury to another, and an entirely different thing to indicate approval of what has already happened. Construing all of the allegations of the amendment most strongly against the plaintiff, it is clearly and indisputably shown that the words, "Give it to him, Jim," if construed as words of encouragement to continue the assault, were spoken after the injuries of the plaintiff were received.

The final allegation in the amendment, to the effect that "Petitioner charges that defendant Mrs. Brigman encouraged and incited defendant Brigman to make said assault and battery upon your petitioner, and after the commencement of same ratified and approved same by words of mouth as set forth above," is devoid of any allegations of fact to support the conclusion reached by the pleader and adds nothing of substance to the amendment.

The allegations of the amendment to count 1 do not show that Mrs. Brigman "maliciously" procured an assault upon the plaintiff by her husband, nor does the amendment show that she counseled or commanded the assault to be made, or that she aided or abetted her husband in the actual assault. The amendment in its entirety is devoid of essential allegations to establish any civil liability on the part of Mrs. Brigman under our law, and the court erred in overruling her general demurrers to count 1 as amended. This error rendered the further proceedings of the trial nugatory.

*Judgment reversed. All the Justices concur, except Duckworth, C. J., and Atkinson, P. J., who dissent. Almand, J. disqualified.*