HARRISON, executor, *vs.* THE AUGUSTA FACTORY.

73 447
95 100
73 447
121 404

1. Where an owner of land caused a map of it to be published, dividing it into lots and streets, and sold lots thereunder, the presumption is that he dedicated the streets to the public, and if they be diverted from their use as such by the building of a house in one of them, the original owner will not be authorized to sue for the land so occupied. The title is in the public, and if the street should be abandoned by the public, *prima facie* the reversion would be in the owners of the abutting lots, unless the grantor had, in express terms, reserved the right to himself in his deed conveying the lots or in his act of dedication.

(*a.*) The case in 45 *Ga.*, 342, considered, and the ruling approved.

2. Although a deed described lots conveyed by numbers, yet if the whole land was described as being bounded on the north by a mill-race, and if the grantee took possession up to the mill-race, and held such possession as is required by law for more than seven years, his prescriptive title became perfect.

December 21, 1884.

Dedication. Streets. Title. Prescription. Before Judge RONEY. Richmond Superior Court. April Term, 1884.

Reported in the decision.

W. W. MONTGOMERY; BARNES & CUMMING, for plaintiff in error.

WM. E. JACKSON, for defendant.

BLANDFORD, Justice.

This was an action in the statutory form, brought by plaintiff in error against the defendant in error to recover a certain tract or parcel of land on the east side of Marbury street, between the Augusta Factory race on the north and lots numbers 27 and 28 on the south, on a plan of lots made by William Phillips. It was shown that the land sued for was situated in Gardner Street, as made by said Phillips. The plaintiff showed title to his testatrix through

her ancestor; that one Gardner, trustee, had caused to be made the survey and plan by said Phillips; also had caused the lots adjoining said street, according to said plan, to be duly sold; and the defendant derived whatever title it had from this sale; that defendant purchased from one Miller in May, 1863, and took his warranty deed of conveyance to said lots numbers twenty-seven and twenty-eight, which are described as one lot—"said lot of land, as it now remains, being bounded north by said mill-race." The defendant went immediately into possession of the premises, and has remained in possession of the same ever since the purchase from Miller, and immediately enclosed the land by running a fence along said mill-race—for over nineteen years from the purchase and deed from Miller to the commencement of this action. The survey and plan made by Phillips, surveyor, which was caused to be done by Gardner, trustee, showed lots on both sides of Gardner street. There was originally, when said lots were planned and sold by Gardner, no mill-race running through or along Gardner street. It was further shown that a prior possessor of these lots had erected a house on the premises in dispute in 1854; also a shed where logs were stored and a shed erected for work in boring the logs.

The case was left to the decision of the presiding judge without the intervention of a jury. The court held, under the facts of the case, that the plaintiff could not recover, and gave judgment for the defendant.

To this decision and judgment of the court the plaintiff, by his counsel, excepted, and this is now assigned as error.

1. The plaintiff in error insists that the fee to the premises is in him, as the same are in the street, and never passed by the sale of Gardner, trustee; that the street had never been accepted by the city of Augusta as a public street; that when the street was obstructed by the building of the house and shed therein, and later when the mill-race was dug along and through the street, this was an extinguishment of whatever dedication there that may have been made of

the street.   The facts in this case show that the owner of this land published a map of the lots and streets and actually sold the same to those from whom the defendant purchased.   The presumption is that the owner of the land dedicated the streets to the public, and if the streets be diverted from the purposes designated, by building a house on the same, the original owner will not be authorized to sue for the land so diverted.   The title to the land is in the public.   If the street be abandoned by the public, *prima facie*, the reversion would be in the owners of the abutting lots, unless the grantor had in express terms reserved the right to himself in his deed conveying the lots, or in his act of dedication.   And this is the law as declared by this court in the case of *Bayard vs. Hargrove*, 45 *Ga.*, 342. 15 Johns, 447; 6 Mass., 454; 10 Peters, 25; 15 Howard, 155; 26 *Ga.*, 674; 6 East., 154; Burr., 143; 6 Peters, 498, 504; 8 B. Mon., 236; 1 Ohio St. R., 478.

We have been asked to review the case in 45 *Ga.*, referred to, and reverse the same.   We are entirely satisfied with that decision, and re-affirm it.

2.  The remaining question in this case is as to the title of defendant by prescription.   If the plaintiff in error could maintain this action, we think that the defendant has a clear title under the facts presented by prescription to the premises in dispute.   It is true defendant purchased several tracts or lots from Miller, which are named and numbered, but the whole are described as "said lot of land as it now remains, being bounded north by said mill-race." This land thus described was taken possession of by defendant, enclosed by a fence, and was continuously used and occupied by it openly, notoriously, under written evidence of title and claim of right from May, 1863, to the present time; there was no disturbance of this possession until this action was brought in June, 1882,—for over nineteen years.   The defendant's title has completely ripened and perfected by prescription, even if the plaintiff had any

right to his action.    See *Harris vs. Hull, ex'r,* 70 *Ga.,* 831, as to boundaries.

So we are of the opinion that there was no error committed by the court below in the rendition of the decision and judgment complained of.

Judgment affirmed.