PARNELL *v.* WOOTEN *et al.*

No. 15883. JULY 10, 1947.

446

*Frank T. Grizzard* and *Kelley, Hamrick & Coogler,* for plaintiff.
*Schroeder & Walker* and *George D. Anderson,* for defendants.

ATKINSON, Justice. (After stating the foregoing facts.) The defendants Wooten and Gunnells demurred to the petition on the ground that it affirmatively shows that Gunnells is a resident of Spalding County, and that no substantial affirmative equitable relief is prayed against Wooten and Whitehead, the other two defendants in said cause, and therefore Cobb Superior Court has no jurisdiction over any of the defendants. The court overruled the above ground, along with other grounds of demurrer, and so far as appears in the record there were no exceptions to these rulings. Consequently no question as to whether the Superior Court of Cobb County had jurisdiction of the defendants is presented for decision.

"A general demurrer to a petition will not be sustained if the facts entitle the plaintiff to any of the substantial relief prayed." *Arteaga* v. *Arteaga,* 169 *Ga.* 595 (151 S. E. 5). Since the passage of the Uniform Procedure Act, where a suit is filed in a superior court, which has general jurisdiction both in law and in equity, the petition is not subject to general demurrer on the ground that the petitioner has an adequate remedy at law, if it states a cause of action for either legal or equitable relief. Code, §§ 37-901, 37-907; *Pardue Medicine Co.* v. *Pardue,* 194 *Ga.* 516 (22 S. E. 2d, 143).

In *Boyd Lumber Co.* v. *Mills,* 146 *Ga.* 794 (1) (92 S. E. 534, L. R. A. 1918A, 1154), it was held: "A deed executed in blank is void. Where a grantor signed, sealed, and delivered a paper in the form of a deed, with the understanding that the agent of the grantee, to whom actual delivery was made, might thereafter insert therein a description of the property intended to be conveyed, and where such agent, after delivery, did insert a description of the property, nevertheless the deed is void." However, it was held in the above case that such a deed could be ratified.

The plaintiff states in his petition that he has at all times offered and now offers to do equity by restoring the status of all parties as may be determined by the court, and that such offer is a continuing one. A court of equity may mould its decree and require one seeking equity to do equity. Code, § 37-1203. "Equity seeks always to do complete justice; and hence, having the parties before the court rightfully, it will proceed to give full relief to all parties in reference to the subject-matter of the suit." § 37-105.

Since the plaintiff prayed for reformation of the deed so as to make it conform to the sales agreement, and only asked for cancellation in the event that the deed could not be reformed, it appears that the plaintiff was willing to ratify a deed that carried out the intent of the parties in entering into the sales agreement. In such circumstances, if the court should determine that the equitable thing to do would be to reform the deed, a tender before institution of the suit would not be necessary, under the principle that a party is not obligated, as a condition precedent to a recovery in equity, to return that which he will be entitled to retain. *Collier* v. *Collier,* 137 *Ga.* 658 (3) (74 S. E. 275, Ann. Cas. 1913A, 1110); *Pope* v. *Thompson,* 157 *Ga.* 891 (2) (122 S. E. 604); *Georgia*

*Railroad Bank &c. Co.* v. *Liberty National Bank &c. Co.,* 180 *Ga.* 4 (5) (177 S. E. 803); *Hughes* v. *Cobb,* 195 *Ga.* 213 (2) (23 S. E. 2d, 701); *Cohen* v. *Cohen,* 200 *Ga.* 33, 36 (35 S. E. 2d, 908). On the other hand, if the court should determine that the plaintiff was not entitled to reformation, it could mould its decree so as to protect the interests of all the parties.

The allegations of the petition were sufficient as against the general demurrers interposed by the defendants to allege a cause of action for equitable relief, and the trial court erred in sustaining the general grounds of demurrer and in dismissing the petition as to each of the defendants.

The petition was not subject to the demurrers of the defendants Wooten and Gunnells on the ground of nonjoinder of parties plaintiff because, as contended, if the wife of the plaintiff has the fee-simple title to lots 3 and 4, she is interested in the result of the litigation.

Since the plaintiff was the grantor in the deed sought to be reformed or canceled, he might be held liable on a warranty of title regardless of who was the owner of lots 3 and 4. Generally, all persons interested in the litigation should be made parties to proceedings for equitable relief. Code, § 37-1004. All persons who are directly or consequentially interested should be made parties. *Wyche* v. *Green,* 32 *Ga.* 341; *Hamilton* v. *Cargile,* 127 *Ga.* 762 (1) (56 S. E. 1022); *Bond* v. *Hunt,* 135 *Ga.* 733 (1) (70 S. E. 572); *Roberts* v. *Moore,* 136 *Ga.* 790 (3) (72 S. E. 239); *Isom* v. *Nutting,* 153 *Ga.* 682, 688 (113 S. E. 197); *Shepard* v. *Veal,* 178 *Ga.* 535 (2) 540 (173 S. E. 644); *Page* v. *Sansom,* 184 *Ga.* 623, 627 (192 S. E. 203); *American Fidelity & Casualty Co.* v. *Elder,* 189 *Ga.* 229, 232 (2) (5 S. E. 2d, 668). While the absence of an essential party would constitute a fatal defect, this would not be true as to one who would have been a proper party, but whose presence in the case was not essential. The determination of this question will depend upon whether the absent party would have been adversely or prejudicially affected by the judgment. *Railroad Commission of Ga.* v. *Palmer Hardware Co.,* 124 *Ga.* 633, 642 (53 S. E. 193); *First National Bank of Sparta* v. *Wiley,* 150 *Ga.* 759, 764 (105 S. E. 308); *Brown* v. *Brown,* 97 *Ga.* 531 (25 S. E. 353, 33 L. R. A. 816).

In the present case, the plaintiff's wife, who under the allegations of the petition owned lots 3 and 4, would not have been adversely or prejudically affected by the judgment, but on the contrary she would have been benefited by a decree of reformation or cancellation. A failure to join a person who may be a proper but not a necessary party does not absolutely defeat an action for reformation. *Steadham* v. *Cobb,* 186 *Ga.* 30, 41 (196 S. E. 730). It was pointed out in the *Steadham* case that there was no demurrer on the ground that the person who would have been benefited by a decree of reformation had not been made a party. There was a demurrer on such ground in the present case, and since the better practice would have been to make the wife of the plaintiff a party, the trial court would doubtless have afforded the plaintiff an opportunity to amend except for the fact that the petition was dismissed as to each of the defendants on general demurrer.

The allegation of the petition, to the effect that Mrs. Parnell, the wife of the plaintiff, is seized and possessed of the fee-simple title to lots 3 and 4, was not subject to the special demurrer of the defendant Wooten on the ground that such allegation is a mere conclusion of the pleader, in that no copy of the deed under which the claim of ownership is based is set out or referred to. While copies of writings should be incorporated in or attached to the petition in all cases in which they constitute the cause of action (Code, § 81-105), the cause of action in the present case was alleged to be the conspiracy to defraud the plaintiff by filling in a description of additional lots in the deed that had been signed in blank, and under the allegations the averment that Mrs. Parnell owned lots 3 and 4 was merely historical.

The petition was not subject to the demurrer of the defendant Wooten on the ground that the allegations are indefinite, conflicting, and contradictory to the extent that they do not plainly, fully, and distinctly set forth a cause of action, in that the plaintiff alleges: (a) that he is the owner of all of the property described in what is denominated as exhibit "A," and (b) that his wife is the owner of lots 3 and 4 as set out in the exhibit. The petition as a whole, fairly construed, alleges that the plaintiff is the owner of lots 1 and 2, and that his wife is the owner of lots 3 and 4.

The allegation of the petition to the effect that, subject to the equities hereinafter set forth, the plaintiff is the owner of a de-

scribed tract of land, was not subject to the demurrer of the defendant Wooten on the grounds: (1) that the petition being brought in part for the removal of a cloud upon the title to lands therein described, neither in such allegations nor elsewhere does the petition show, except by mere conclusions, that the plaintiff is the true owner of the lands referred to, in that in neither those allegations nor elsewhere does the petition allege that the plaintiff was in possession or that he had ever been in possession; (2) that the petition affirmatively shows that the plaintiff does not even claim the title in question as his own, but affirmatively shows that his wife owns a portion of the land in question, she not being a party to the cause, and the lands not being alleged to be wild lands.

The general rule is that, in order for a plaintiff to maintain an equitable petition to remove a cloud upon his title, he must allege possession in himself. *Oglesby* v. *Oglesby,* 198 *Ga.* 864 (1) (32 S. E. 2d, 906). But to the general rule that the plaintiff must allege possession there are exceptions: (1) in the case of wild lands (*Weyman* v. *Atlanta,* 122 *Ga.* 539, 50 S. E. 492); and (2) where there is another distinct head of equity jurisdiction sufficient to support the action, such as fraud or a prayer for a decree of title in the petitioner. In such cases equity will retain the cause and grant relief by removing the cloud. *Mentone Hotel &c. Co.* v. *Taylor,* 161 *Ga.* 237, 241 (130 S. E. 527).

The allegations of the present petition, to the effect that the defendants Wooten and Gunnells at the time of the transaction conspired to take advantage of the plaintiff and to incorporate in the deed a description of lots 1, 3, and 4, as well as a description of lot 2 in an effort to cheat and defraud him, and that the defendants were attempting to sell the land to innocent third persons, coupled with the prayer that the defendants Wooten and Gunnells be required to account for any and all amounts which they may be found to be due and owing to the petitioner, were sufficient to take the case out of the general rule.

The allegations to the effect that the deed which the petitioner signed in blank was made out to Gunnells conveying all four of the lots shown on the plat, and that Wooten and Gunnells at the time of the transaction conspired to take advantage of the petitioner and incorporate in the deed a description of lots 1, 3, and 4, as well as a description of lot 2, in an effort to cheat and defraud him,

were not subject to the demurrer of the defendant Wooten on the ground that the allegations were too vague, indefinite, and uncertain to form a basis for the relief sought, for the reason that, although the petition alleges that the deed was recorded, there is no copy of the deed attached as an exhibit to the petition so as to put the court upon notice of its contents as to the property actually conveyed by the deed, and no reason is alleged why a copy thereof could not have been attached to the petition.

The petition setting forth a full description of the land alleged to have been wrongfully inserted in the deed signed in blank, and praying that the defendants be required to produce the original deed at the trial, no useful purpose could have been served by attaching a copy of the deed that was alleged to have been in possession of the defendants. As stated above, the cause of action depended upon whether a description of additional lots was wrongfully inserted in the deed which had been signed in blank.

The allegations to the effect that, pursuant to the conspiracy and in order to conceal their acts from the petitioner, the defendants withheld the deed from record for a period of approximately eighteen months, were not subject to the demurrer of the defendant Wooten on the ground that the allegations were too vague, indefinite, and uncertain to be the basis of an allegation as to a conspiracy to conceal the actions of the defendants, since it was not alleged when the deed was recorded. The allegation that, pursuant to the conspiracy the defendants withheld the deed from record for approximately eighteen months, was the averment of a fact, and the exact date when the deed was recorded is not material to any issue in the case.

The allegations to the effect that, after the petitioner left, the defendant Wooten had the deed made out, not to cover a description of lot 2 only, but so as to include a description of all the lands shown on the plat, for some consideration, the exact amount of which is unknown to the petitioner, were not subject to the demurrer of the defendant Wooten on the ground that the allegations are mere conclusions of the pleader without sufficient facts being stated upon which to base the same.

The allegations of the petition—to the effect (a) that the defendant Wooten likewise collected the cash consideration from the transaction and took a note which was made payable to the peti-

tioner in the sum of $750, but that the note has ever since remained in the hands of Wooten, who has failed and refused to turn the same over to the petitioner; and (b) that in discussing the matter with the defendant Wooten, the petitioner proposed that the transaction be rescinded and offered to return to him the cash payment, together with the note for the unpaid balance and any expense that the defendant Gunnells had sustained by reason of the transaction— were subject to the demurrer of the defendant Wooten on the ground that the two excerpts are contradictory, and that the plaintiff should be required to elect which allegation he will insist upon.

The above-mentioned allegation, to the effect that the petitioner offered to return the cash payment, etc., to the defendant Wooten, was not subject to the demurrer of Wooten on the ground that, if the allegation is intended to be an averment of tender, the same was not made to the proper person. This is true for the reason that Wooten could not complain because the alleged tender was made to him instead of having been made to the defendant Gunnells, and there is no demurrer by the defendant Gunnells on this question. Although the demurrer of one of several joint defendants inures to the benefit of all the defendants where it goes to the merit and substance of the whole petition and challenges the plaintiff's right to any relief, this rule is not applicable where the demurrer does not challenge the plaintiff's right to any relief, but alleges only that the petition fails to set forth a cause of action against the demurring defendant. *Heath* v. *Miller,* 197 *Ga.* 443 (3) (29 S. E. 2d, 416).

The allegations of the petition, to the effect that the petitioner has at all times offered and now offers to do equity by restoring the status of all parties hereto as may be determined by the court, was not subject to the demurrer of the defendant Wooten on the ground that the allegation was too vague and indefinite to put this defendant upon notice of what the plaintiff will contend in reference thereto, in that it is not stated to whom he offered to do equity, or when he offered to do equity and restore the status of all parties to the case, or what he deems to be equity.

It follows that the trial court erred in sustaining the general and certain special grounds of demurrer as indicated in this opinion, and in dismissing the petition as to each of the defendants.

*Judgment reversed. All the Justices concur.*