BROWN *et al. v.* LAWRENCE *et al.*

No. 16442.  January 10, 1949.  Rehearing denied February 17, 1949.

*Eugene Cook, Attorney-General* and *John Sammons Bell, Assistant Attorney-General,* for plaintiffs in error.

*Roy B. Rhodenhiser Jr.,* and *Sylvan A. Garfunkel,* contra.

HEAD, Justice. Section 1 of the Georgia Declaratory Judgments Acts (Ga. L. 1945, p. 137) provides that in cases of "actual controversy" the superior courts shall have power to "declare rights" and other legal relations of "any interested party" petitioning for such declaration, whether or not further relief is, or could be, prayed. It is fundamental that every act of the General Assembly shall be construed in its entirely to determine the legislative intent. The writer (expressing purely personal views) is convinced that there has been a tendency on the part of counsel in some cases before this court to misconstrue the definite and positive provisions of section 1 of the act, and to select and remove from the context of section 13 the words "uncertainty and insecurity," as authority for declaratory relief, without any proper consideration as to whether or not the uncertainty or insecurity is with "respect to rights, status and other legal relations."

Whether sections 1 and 13 of the act are analyzed separately or together, a different result will not be reached. The words "rights, status and other legal relations," in section 13, have application solely with reference to legal rights, a legal status, or other legal relations. Issues which are based on fictitious, colorable, hypothetical, or academic questions, or questions that have become moot, do not involve legal rights, legal status, and

other legal relations within the meaning of an "actual," justiciable controversy. Borchard on Declaratory Judgments (2d ed.), p. 35; *Felton* v. *Chandler*, 75 *Ga. App.* 354 (43 S. E. 2d, 742); 16 ·Am. Jur., 285, § 10.

The word "actual," preceding the word "controversy" in section 1 of the act, is a word of emphasis, and not of definition. The word "controversy" within itself contemplates a justiciable controversy. 16 Am. Jur., 285, § 10; Borchard on Declaratory Judgments (2d ed.), p. 40. The words "[legal] rights, [legal] status, and other legal relations," of section 13 of the act are dependent upon an "actual controversy" in a proceeding for declaratory judgment. The "actual controversy" of section 1 of the act means a justiciable controversy, and it is therefore relevant to determine what constitutes a "justiciable contro-. versy."

A controversy is justiciable when there are "interested parties" asserting "adverse" claims (Borchard on Declaratory Judgments, 2d ed., p. 36; 16 Am. Jur., 284, § 10) upon a state of facts which·must have accrued, wherein a legal decision is sought or demanded. "For the principle of a declaratory judgment is that it declares the existing law on an existing state of facts. The danger or dilemma of the plaintiff must be present, and not contingent on the happening of hypothetical future events." Borchard on Declaratory Judgments (2d ed., p. 56); 16 Am. Jur., 293, § 19. A rumor which may be false, supported solely by hearsay statements, is never a sufficient cloud upon the rights of any litigant to require or authorize relief by a declaratory judgment.

"Interested" parties must, of course, mean parties having a legal, protectible interest. The term, "legal interest," is not synonymous with the term, "cause of action," since there may well arise a situation or dilemma wherein the petitioner is entitled to relief from uncertainty and insecurity over and beyond traditional statutory relief, or incidental thereto; and, in some instances, independent of any traditional relief. *Mayor &c. of Athens* v. *Gerdine*, 202 *Ga.* 197 (42 S. E. 2d, 567). If the petitioner can show that his rights are in direct issue or jeopardy, and at the same time show that the facts are complete, and that his interest is not merely academic, hypothetical, or colorable,

but actual, a "legal interest" as related to a justiciable controversy may be shown. From the foregoing it may be observed that it is not always easy to determine whether or not the petition sufficiently sets forth facts that are acute and personal so as to constitute a "legal" interest. Upon such questions the decisions of the courts and the opinions of counsel do not always agree.

The danger, dilemma, or injury about which the plaintiffs in the present case complain is speculative and contingent upon hypothetical future events. There is no allegation in the petition that can be construed as seeking relief against the board based on licenses issued under the examination in April, 1948. The relief sought by the plaintiffs is limited to future examinations to be conducted by the board, and while it is alleged that the defendants have told members of the Georgia Chiropractic Association and others as to the nature of the examination to be conducted, it is not alleged that the plaintiffs are members of the Georgia Chiropractic Association, and no person is named as having been told by the board as to the nature of the examination to be conducted, and the alleged nature of future examinations by the board is apparently based solely upon hearsay statements, or upon rumor, unsupported by any allegations of fact.

16 Am. Jur., 299, § 26, states in part: "In order that a controversy may justify the making of a declaration, it must include a right claimed by one party and denied by the other, and not merely a question as to the abstract meaning or validity of the statute." The petition in this case may be construed as alleging that there is a difference of opinion between the plaintiffs and the members of the examining board as to the correct interpretation to be given the Georgia law in the conduct of such examination. While the plaintiffs may have a general economic interest jeopardized by the administrative opinion of the examining board, there must be an effort to apply the opinion to a plaintiff's particular case in order to place him within the range of a justiciable controversy essential to a declaratory judgment. Borchard on Declaratory Judgments, p. 53.

16 Am. Jur., 331, § 61, states as follows: "Failure to name as defendant one with sufficient adverse interest in the subject of the litigation is a jurisdictional defect. Persons interested on one side only of the controversy are not sufficient parties, al-

though they may disagree as to the law." See also Borchard on Declaratory Judgments (2d ed.), p. 39.

The original act to define the practice of chiropractic and to create a State Board of Examination and Registration (Ga. L. 1921, 167, sec. 2) requires that the licensing board shall be composed of five practicing chiropractors, residents of the State of Georgia. The petition does not allege that the examining board is composed of practicing chiropractors, residents of the State of Georgia. The plaintiffs allege themselves to be practicing chiropractors. The law requires that the defendant board members be practicing chiropractors, and it may be assumed that only practicing chiropractors were named as members of the examining board. The members of the board should, therefore, have equally as much interest as the plaintiffs in maintaining the educational standards and qualifications prescribed by law for licensees. No adverse interest is shown by any allegation of the petition as between the plaintiffs and the examining board. In actuality, the complaint of the plaintiffs is limited to a difference of opinion between them and the examining board over a question "as to the abstract meaning" of a Georgia statute.

In this case the plaintiffs do not show a legal interest nor an adverse interest within the meaning of a justiciable controversy under the Georgia Declaratory Judgments Act. It was error to overrule the demurrer of the defendants, which properly pointed out this deficiency of the petition. No ruling is required upon the other grounds of the demurrer. See *Wiley* v. *Douglas*, 168 *Ga.* 660 (2) (148 S. E. 735); *Traylor* v. *Gormley*, 177 *Ga.* 186 (3) (169 S. E. 850).

*Judgment reversed. All the Justices concur, except Duckworth, C. J., who dissents.*