SANDERS et al. v. HARLEM BAPTIST CHURCH,
by PRATHER et al., trustees.

CANDLER, Justice. Harlem Baptist Church, by and through L. I. Prather, H. A. Groves, G. S. Phillips, and A. M. Tracy, as trustees, brought a suit for declaratory relief against Jay Sanders and several other named persons, as the present heirs at law of Dr. A. J. Sanders, late of Columbia County, Georgia. The petition in substance, and in so far as it is material here, alleges: that Dr. Sanders, some time prior to March 2, 1889, conveyed to the plaintiff's board of trustees for its (plaintiff's) use and benefit an absolute fee-simple estate in a described acre of land in Columbia County; that the plaintiff's trustees and members entered immediately into possession of the premises under said deed,

and have since held uninterrupted and absolute possession of the land, but the deed to them was never recorded, and was lost or destroyed by fire; that on March 2, 1889, Dr. Sanders executed and delivered to the plaintiff's board of trustees, as it was then constituted, and for the plaintiff's use and benefit, a second deed for the same property, which deed was duly recorded in Columbia County, but the descriptive averments of the latter deed contained these words: " . . It being the same lot that was deeded by party of the first part to former board of trustees, said deed having been lost or burned up and never recorded. And it is further agreed before signing and delivering of these presents that should said church be destroyed and never rebuilt, said land shall revert to party of first. . ." It was also alleged: that the plaintiff had found that its physical facilities were inadequate, and that the construction of a new church on the premises was desirable and necessary for its continued development, but to raise sufficient funds for that purpose, it would be necessary for the plaintiff to obtain a loan and pledge its property as security therefor; that some of the heirs at law of Dr. Sanders were claiming that he retained in his second deed to the plaintiff's trustees a contingent reversionary interest in the church lot; and that the plaintiff will be unable to obtain a loan on its property until its title for the same is judicially determined. There were prayers for process and service; that the court by declaratory judgment settle and determine what effect, if any, the purported qualification or limitation in the second deed from Dr. Sanders had upon the fee-simple title for the same land which he had previously conveyed to the plaintiff; that the court construe the ambiguous, indefinite, and uncertain provisions of the second deed from Dr. Sanders to the plaintiff's trustees for the guidance and protection of the parties; and for general relief.

The defendants made a motion in the nature of a general demurrer to dismiss the petition, alleging that the pleaded facts were not sufficient to state a cause of action for any of the relief sought. The motion to dismiss was overruled, and error is assigned upon that ruling.

The defendants also filed an answer, in which they denied that the plaintiff is the owner of an absolute fee-simple estate in the premises involved, but said that its title therefor was subject to a contingent reversionary interest belonging to the estate of Dr. Sanders. The parties agreed that no issue of fact was involved, and the case was submitted to the trial judge on the pleadings. A judgment was rendered decreeing that the plaintiff has an absolute, unrestricted fee-simple title to the premises in question, and that the reversionary clause in Dr. Sanders' deed of March 2, 1889, is null and void. The defendants excepted. *Held:*

1. The defendants' motion to dismiss the petition raises the question of its sufficiency to state a cause of action for declaratory relief under the provisions of our Declaratory Judgment Act of 1945 (Ga. L. 1945, p. 137). Concededly, the plaintiff has an absolute fee-simple estate in the premises described in the petition, unless its interest therein was cut down to a lesser estate by the reservation of a contingent reversionary interest by Dr. Sanders in his deed of March 2, 1889, to the plaintiff's board of trustees.

2. "As a general rule, the courts will not render a declaratory judgment as to future rights, but just as in ordinary actions will wait until the event giving rise to the rights has happened, or, in other words, until the rights have become fixed under an existing state of facts." 16 Am. Jur. 292, § 18. "The courts will not, ordinarily, attempt to decide or declare the rights or status of parties upon a state of facts which are contingent or uncertain, or until the question as to which a declaration is sought has actually arisen." 16 Am. Jur. 293, § 19. Under our Declaratory Judgment Act, the courts of this State are authorized to grant declaratory relief only when there exists between the parties an actual controversy which is ripe for judicial determination (*City of Nashville* v. *Snow,* 204 *Ga.* 371, 377, 49 S. E. 2d, 808; *Brown* v. *Lawrence,* 204 *Ga.* 788, 51 S.E. 2d, 651); our courts are unauthorized to grant such relief respecting future rights. *Wright* v. *Heffernan,* 205 *Ga.* 75 (52 S. E. 2d, 289). And a controversy is "ripe for judicial determination" or is justiciable within the meaning of our declaratory-judgment statute, when there are interested parties asserting adverse claims upon a state of facts which have accrued. *Brown* v. *Lawrence,* supra; 16 Am. Jur. 284, § 10; Borchard on Declaratory Judgments (2d, ed.), p. 36. In *Georgia Marble Co.* v. *Tucker,* 202 *Ga.* 390 (43 S. E. 2d, 245), we unanimously held that a petition alleging merely that a named defendant "claims" or "contends" that it is the owner of an interest in realty owned by the petitioner, falls short of stating a justiciable dispute or controversy under the provisions of our Declaratory Judgment Act. Properly construed, the petition in the instant case alleges that some of the present heirs at law of Dr. Sanders claim or contend that the premises involved will revert to his estate if the church presently located on the land is ever destroyed and never rebuilt; or, to express it differently, the petition alleges that some of the present heirs at law of Dr. Sanders claim or contend that, if the property in question ever reverts to his estate, because of a contingent reversionary clause in his deed of March 2, 1889, it will descend to his heirs at law. In other words, the petition affirmatively shows that an actual controversy between the parties respecting the title to the land in question may never arise; and it will be soon enough to determine the question now raised if and when it ever arises.

3. The instant petition, for the reason stated in 2 above, failed to state a cause of action for declaratory relief. Accordingly, the trial judge erred in overruling the defendants' motion, in the nature of a general demurrer, to dismiss the petition, and all proceedings thereafter taken in the case were necessarily nugatory. *Southern Ry. Co.* v. *Pope,* 129 *Ga.* 842 (60 S. E. 157); *Brigman* v. *Brenner,* 206 *Ga.* 222 (56 S. E. 2d, 471).

*Judgment reversed. All the Justices concur, except Duckworth, C.J., and Atkinson, P.J., who dissent.*

No. 17076. MAY 9, 1950. REHEARING DENIED JUNE 16, 1950.

*Lester & Flythe* and *Peebles & Burnside,* for plaintiffs in error. *Boller & Yow* and *John F. Hardin,* contra.