SHAW *et al. v.* CRAWFORD.

No. 17118.  June 14, 1950.

William A. Ingram and Albert D. Tull, for plaintiffs in error.
W. W. Mundy Jr., contra.

ATKINSON, Presiding Justice. (After stating the foregoing facts.) Each of the defendants demurred on the ground that the petition as amended failed to allege a cause of action against them, because it stated on its face that none of them was a resident of Polk County, and no substantial relief was sought against any resident of that county. There was no demurrer on the ground that the allegations were insufficient to state a cause of action for a declaratory judgment, and therefore it becomes unnecessary to decide whether the case comes within the purview of the statute (Ga. L. 1945, p. 137, Code, Ann. Supp., §§110-1101 et seq.), providing for a declaratory judgment.

Counsel for the defendants insist that the action is not one respecting title to land, which must be brought in the county where the land lies, but in substance is an action for trespass seeking damages and injunctive relief in connection therewith, and that title to land is only incidentally involved.

In the early case of Osmond v. Flournoy, 34 Ga. 509, this court held that an action of trespass must be brought in the county where the defendant resides, though the land, the subject of the injury, lies in a different county. Similar rulings were made in Brindle v. Goswick, 162 Ga. 432 (2) (134 S. E. 83), involving the venue of an equitable suit to recover possession of land and

damages for cutting timber; and in *Southern Title Guarantee Co.* v. *Lawshe,* 137 *Ga.* 478 (1) (73 S. E. 661), involving a petition to cancel deeds as a cloud on title. To the same effect see *Babson* v. *McEachin,* 147 *Ga.* 143 (2) (93 S. E. 292); *Cook* v. *Grimsley,* 175 *Ga.* 138 (165 S. E. 30).

In *Vizard* v. *Moody,* 115 *Ga.* 491 (41 S. E. 997), a petition was filed in Glynn County, where the land was situated, against a resident of Wayne County seeking to recover the land, mesne profits, and for injunction and appointment of a receiver. The defendant moved to dismiss the petition on the ground that the Superior Court of Glynn County was without jurisdiction, and that the Superior Court of Wayne County had exclusive jurisdiction of the case. This motion to dismiss was overruled, and thereupon the trial judge issued an order refusing to grant an injunction and appoint a receiver as prayed for. To these rulings the petitioner excepted in a direct bill of exceptions. The defendant by way of cross-bill assigned as error the refusal to dismiss the petition. This court, in affirming the judgment on the main bill of exceptions and dismissing the cross-bill, said: "The petition exhibited is composite in character. While it is in the form of a proceeding in equity, it seeks, in one of its parts, to obtain a purely legal judgment unaffected by the application of any equitable principle; that is, a judgment for the land and mesne profits, and a writ of possession. These as results flow from a successful termination of an action of ejectment. Other prayers of the petition seek purely equitable relief, to wit: the granting of an injunction and the appointment of a receiver. If we treat the petition solely as an action of ejectment, then no court had jurisdiction to entertain it except the Superior Court of Glynn County, because the land sought to be recovered was situated in that county. If we treat the petition, because of its prayers for equitable relief, as a petition in equity, then no court but the Superior Court of Wayne County had jurisdiction to entertain it. So the plaintiff is confronted with this proposition: The action to recover the land must be filed in the Superior Court of Glynn County. If he desires equitable relief, he must seek that only in the County of Wayne, because the defendant resides there. The conclusion is inevitable, that neither the Superior Court of Glynn County County nor the

Superior Court of Wayne County had, for the purpose of granting both forms of relief sought, jurisdiction of the petition as it was presented, with its averments and prayers. For reasons which are very clearly set out in . . [citing cases] petitioner could obtain no equitable relief against the defendant, even were he entitled to it, on a petition filed by him in another court than that of the County of Wayne. We presume that the judge to whom the application was made entertained this view of the law, and for that reason refused the equitable relief of injunction and receiver, but refused to dismiss the petition on the motion of the defendant for want of jurisdiction, because it contained averments which made it in effect an action of ejectment, and so properly brought in Glynn County, because the land was there situate."

Again in *Frazier* v. *Broyles,* 145 *Ga.* 642 (89 S. E. 743), it was said in the opinion: "The prayer of the petition is not only to recover the land in ejectment, but also to cancel the deeds from Mrs. Adams to Broyles and Callaway and from the latter to the Lumpkin Investment Company. One test as to whether a suit to recover land is one of ejectment simply, and is a case 'respecting title to land,' is whether the plaintiff can recover on his title alone, or whether he must ask the aid of a court of equity in order to recover. If the allegations are sufficient to show that the plaintiff can recover on his title alone without the aid of a court of equity, the case is one of ejectment or complaint for land. But if this is not the case, and equitable aid is necessary and asked, the petition is equitable in character."

The above decisions were rendered before the passage of the declaratory-judgment statute, and the grant of an injunction pending an adjudication thereunder is legal in character. The primary and fundamental issue in the present case is the title to the land. If the petitioner owns the land, the defendants have no right to cut the timber; and conversely, if the defendants own the land, they have a right to cut the timber. While the petition alleges that the defendant Shaw claims title to the land under a separate chain of title, nevertheless, it does not appear that, in order to recover, the petitioner must get rid of Shaw's chain of title, and there is no prayer to cancel his deeds. There is a prayer for general relief but, in the absence of appropriate

allegations seeking equitable relief, this prayer did not change the action to an equitable proceeding.

The allegations of the petition as amended, showing an actual controversy, in which the petitioner and one of the defendants were claiming title to the realty under separate chains of title, coupled with the prayer for a declaratory judgment adjudicating the title to the property to be in petitioner, were sufficient to constitute an action respecting title to land under article 6, section 24, paragraph 2, of the Constitution of 1945 (Code Ann., § 2-4902), and the petition was properly brought in the county where the land lies.

The defendants, Bailey and Childers, further demurred on the ground that the petition as a whole, and particularly the amendment thereto, shows no cause of action against them, but rather shows that they do not claim any title to the land, and that there is a misjoinder of parties and causes of action as to them. The declaratory-judgment statute provides that the court may grant an injunction in order to maintain the status pending the adjudication. This court has held that an injunction merely to preserve the status quo pending a declaratory judgment suit is not an equitable proceeding. *Findley* v. *City of Vidalia*, 204 *Ga.* 279 (49 S. E. 2d, 658). No equitable relief is sought against any of the defendants in the present case, and under the declaratory-judgment statute Bailey and Childers were proper parties defendant.

Accordingly, the trial court did not err in overruling the defendants' demurrers.

*Judgment affirmed. All the Justices concur, except Duckworth, C.J., who dissents.*