Calvary Independent Baptist Church *v.* City of Rome.

Candler, Justice.  Calvary Independent Baptist Church, a corporation, filed a suit under the provisions of our declaratory-judgment statute against the City of Rome.  Its petition in substance alleges:  The plaintiff, in 1937, purchased certain realty in Rome, Georgia, located at what was then the intersection of West Seventh Street and Avenue "C" and fronting on them 143 and 128 feet respectively.  Its property is used exclusively for church purposes.  The defendant purchased a strip of land east of and directly across Avenue "C" from the plaintiff's property, and has recently completed the construction of a new street on it, a relocation of Avenue "C".  By an ordinance passed on January 24, 1950, the city abandoned and closed, as being no longer necessary for street purposes, that part of Avenue "C" which is adjacent to the plaintiff's property.  A copy of the ordinance is attached to and made a part of the petition and recites that it was passed after proper notice and that its passage and approval "was agreeable to all adjacent property owners."  The land formerly occupied by Avenue "C", which is a strip 39½ feet wide, and also a strip 13 feet wide at one end and 2 feet wide at the other, are now located between the plaintiff's land and the newly constructed street.  The city has never had title to that strip of land on which Avenue "C" was formerly located, but its right to use the same for street purposes resulted from dedication only; and when the defendant city abandoned the use of the strip for that purpose, the plaintiff became its fee owner.  The other strip, because of its size, shape, and location, is of no value to the city, but of great value to the plaintiff; its location deprives the plaintiff of free access to its property and the right of ingress to and egress from the new street; and the plaintiff should and does have title to it for the

reasons just stated. The plaintiff's property is located in a section of the defendant city which is now being used principally for commercial purposes, and recently several persons have . tried to purchase all of the area in question from the city, which presently claims it. Paragraph 20 of the petition alleges that, if it should be determined by the court that the plaintiff is not the owner of all of the land in controversy, then its property has been damaged in the sum of $10,000 by the city's relocation of Avenue "C" and by the plaintiff's consequent loss of street frontage, a means of ingress and egress, and by its property being changed from a corner lot to one fronting on West Seventh Street only. It is also alleged that the defendant should be restrained and enjoined from interfering in any way with the plaintiff's title, right of enjoyment and occupancy of the land in question. However, no acts of interference with either are alleged in the petition. There were prayers for process and service that the court determine and settle by a declaratory judgment what right, title, and interest each of the parties has in and to the land involved; that the defendant, its officers, agents, and employees be temporarily restrained and permanently enjoined from interfering in any way with the plaintiff's title, right of enjoyment, and occupancy of the land in controversy; and, if it should be determined by the court that the plaintiff is not the owner of all the land in question, that it then have judgment against the defendant for $10,000 as damages resulting to it from the acts and things complained of. The petition was dismissed on general demurrer and the exception is to that judgment. *Held*:

1. It is a well-settled rule of pleading in this State that a petition should not be dismissed on general demurrer thereto when its allegations are sufficient to state a cause of action for any of the substantial relief sought thereby. *Arteaga* v. *Arteaga,* 169 *Ga.* 595 (4) (151 S. E. 5); *Shingler* v. *Shingler,* 184 *Ga.* 671 (2) (192 S. E. 824); *Parnell* v. *Wooten,* 202 *Ga.* 443 (43 S. E. 2d, 673), and the cases there cited.

2. The allegations of the petition in the case at bar, treated as true, as they must be for all purposes of the demurrer, are fully sufficient to show that the plaintiff owns in fee the west half of that strip of land formerly occupied by Avenue "C", which is adjacent to its church property, free from the city's easement, and that the city has no further interest in or to that portion of the same. Code, § 85-410; *Mayor &c. of Macon* v. *Franklin,* 12 *Ga.* 239; *Bayard* v. *Hargrove,* 45 *Ga.* 343; *Harrison* v. *Augusta Factory,* 73 *Ga.* 447; *Harbuck* v. *Richland Box Co.,* 207 *Ga.* 537 (63 S. E. 2d, 333). "Whenever a street is vacated, the presumption is, until the contrary appears, that the fee is in the adjacent landowners and that the right of each extends to the middle of the way." *Marietta Chair Co.* v. *Henderson,* 121 *Ga.* 399 (49 S. E. 312, 104 Am. St. R. 156, 2 Ann. Cas. 83). To this extent, the allegations of the petition are undeniably sufficient to show that the plaintiff has an interest in the property involved, concerning which there is a title controversy between the parties.

3. In cases of actual controversy, under section 1 (a) of our Declaratory Judgment Act of 1945 (Ga. L. 1945, p. 137), the respective superior courts of this State have power to declare the rights of any interested party petitioning for such a declaration and, in addition thereto, said

superior courts, under section 1 (b) of the act, likewise have power upon petition therefor to declare the rights of any interested party in any civil case in which it appears that the ends of justice require that such a declaration should be made for the guidance and protection of the petitioner. Section 13 declares that the purpose of the act is to afford relief from uncertainty and insecurity with respect to rights, status, and legal relations, and that the act is to be liberally construed and administered by the courts. Because of section 1 (b), our Declaratory Judgment Act is much broader in scope and more comprehensive in its jurisdiction of justiciable controversies than is the Uniform Declaratory Judgment Act, which was approved in 1922 by the National Conference of Commissioners on Uniform State Laws, and which has since been enacted into law, as thus approved, in more than twenty of the States. Therefore, by giving full effect to the provisions of our act, it follows, as a matter of course, that the respective superior courts of this State, under section 1 (b) of our act, have power to determine and settle by declaration any justiciable controversy of a civil nature where it appears to the court that the ends of justice require that such should be made for the guidance and protection of the petitioner, and when such a declaration will relieve the petitioner from uncertainty and insecurity with respect to his rights, status, and legal relations. Thus tested, we think that the allegations of the petition in the instant case, in so far as they relate to the land upon which the closed and abandoned street was located, stated a proper cause for declaratory relief; and, that being true, the petition, for the reason stated in the preceding note, should not have been dismissed on general demurrer. See, in this connection, *State Ports Authority* v. *Arnall,* 201 *Ga.* 713 (41 S. E. 2d, 246) ; *Brown* v. *Mathis,* 201 *Ga.* 740 (41 S. E. 2d, 137); *Shaw* v. *Crawford,* 207 *Ga.* 67 (60 S. E. 2d, 143), and *West View Corp.* v. *Alston,* 208 *Ga.* 122 (65 S. E. 2d, 406), as cases in which binding declarations were made by the court on petition therefor. Concerning the question here involved, we have not overlooked or failed to consider the rulings made by a majority of the Justices in *City of Nashville* v. *Snow,* 204 *Ga.* 371 (49 S. E. 2d, 808); *Brown* v. *Lawrence,* 204 *Ga.* 788 (51 S. E. 2d, 651); *Wright* v. *Heffernan,* 205 *Ga.* 75 (52 S. E. 2d, 289); *Darnell* v. *Tate,* 206 *Ga.* 576 (58 S. E. 2d, 160), and *Sanders* v. *Harlem Baptist Church,* 207 *Ga.* 7 (59 S. E. 2d, 720). In those cases, as they dealt with the court's power under the provisions of our Declaratory Judgment Act to make binding declarations, the majority, in holding that an actual controversy between the parties was jurisdictionally necessary in all cases, gave effect only to section 1 (a) of our act, and fell into error by failing to give any effect to the meaning and purpose of section 1 (b) thereof; and, to the end that our error may not be perpetuated, they are, in so far as they deal with the question presently being considered, expressly disapproved and will not be followed. *Clein* v. *Kaplan,* 201 *Ga.* 396 (40 S. E. 2d, 133), *Mayor &c. of Athens* v. *Gerdine,* 202 *Ga.* 197 (42 S. E. 2d, 567), and *Georgia Marble Co.* v. *Tucker,* 202 *Ga.* 390 (43 S. E. 2d, 245), were decided by this court upon jurisdictional facts substantially different from those here involved, and the rulings there made will not be extended.

4. The legislative intent and purpose of our Declaratory Judgment Act is to relieve against uncertainty and insecurity; to declare rights, status, and legal relations, but not to execute remedies or grant coercive relief. *Shippen* v. *Folsom,* 200 *Ga.* 58 (35 S. E. 2d, 915). Consequently a judgment for damages may not be recovered in a declaratory action.

For the reason stated in three above, the judgment complained of is erroneous.

*Judgment reversed. All the Justices concur, except Wyatt, J., who dissents and Atkinson, P.J., and Head, J., who concur in the judgment only.*

WYATT, J., dissenting. I dissent because I do not think that this is a proper case for declaratory judgment.

No. 17537. SUBMITTED JULY 9, 1951—DECIDED SEPTEMBER 10, 1951.

*Maddox & Maddox,* for plaintiff.
*Parker, Clary & Kent,* for defendant.