45716. CITIZENS & SOUTHERN NATIONAL BANK
v. FULTON COUNTY et al.

ARGUED OCTOBER 6, 1970—DECIDED FEBRUARY 12, 1971.

*Alston, Miller & Gaines, Oscar N. Persons, J. Michael Kelly,* for appellant.

*Harold Sheats, George Gillon,* for appellees.

PANNELL, Judge. A condemnation action was brought by Fulton County, condemning the fee simple title to a strip of certain property, against Buckhead Doctors' Building, Inc., the holder of title to the property (subject to security instruments held by the other condemnee) and the Citizens & Southern National Bank, holder of a security deed given to secure debt in excess of $1,000,000, D. Davis & Co., and Merchant's Mutual Credit Corporation, other lien or security holders. A special master found damages for the taking in the amount of $54,860 on October 9, 1964. On October 12 the court entered its order of condemnation upon payment of the sum found into the registry of the court. On October 15 and 16, 1964, respectively, Fulton County and Buckhead Doctors Building filed appeals requesting a jury trial. Between the time the condemnation petition was filed and the award paid in, no conveyance was made relative to the condemned property or the

property of which it constituted a part. On April 9, 1965, upon consent of all the condemnees an order was entered authorizing and directing the clerk of the court to pay the sum deposited to the Citizens & Southern National Bank, it having the first lien or security instrument against the condemned property. Upon receipt of this sum, the bank applied $52,910 to reduction of the indebtedness owing by Buckhead Doctors Building to the bank and $1,950 fees for the attorney for Buckhead Doctors Building for services rendered in the special master proceedings. On September 7, 1965, the bank, after advertisement, sold the remainder of the property at public sale and received back a security deed from the purchasers securing all of the purchase price except for an apparent down payment and marked the indebtedness and security deed of Buckhead Doctors Building paid and canceled. Due to the dispute between Fulton County and the bank as to whether the bank is an owner under the requirements of Section 15 of the Act of 1957 (Ga. L. 1957, pp. 387, 396; Code Ann. § 36-615a) and would be required to pay back any money to Fulton County in the event a jury, on the trial of the pending appeal, might find a sum less than that awarded by the special master, the bank brought an action for declaratory judgment, alleging that because of the dispute the bank is "uncertain of its rights and obligations as to whether it should defend or actively participate in the appeal proceeding" and in the absence of any declaration "will either have to unnecessarily spend funds in defense of said appeal . . . or run the risk of not defending and thereafter finding that it is required 'to pay an excess' as 'the owner' without . . . being able to contest the appeal." The allegations of the petition above quoted were not admitted by Fulton County, nor were they proved by the bank, The trial judge by order consolidated the declaratory judgment and the condemnation proceedings. The trial judge then proceeded to grant the declaratory relief on June 11, 1970, prior to the jury trial on appeal, holding that the bank was an "owner" within the meaning of the statute as to the money received by it under the order of the court and the agreement of the parties and that otherwise Buckhead Doctors Building is the owner within the meaning of the statute. The Citizens & Southern National Bank appealed.

Pretermitting the questions (a) whether a controversy as to the legal effect on the petitioner in a declaratory judgment action who

is also a condemnee in a condemnation action, of the future finding of a jury in the condemnation action, which was consolidated with the declaratory judgment action, in the event the jury finds less than that found by the special master is a justiciable controversy until the jury makes its finding, so as to entitle the petitioner to relief under Section 1 of the Declaratory Judgment Act (Ga. L. 1945, p. 137); *Code Ann.* § 110-1101); *City of Nashville v. Snow,* 204 Ga. 371 (49 SE2d 808); *Brown v. Lawrence,* 204 Ga. 788 (51 SE2d 651); *Wright v. Heffernan,* 205 Ga. 75 (52 SE2d 289); *Darnell v. Tate,* 206 Ga. 576 (59 SE2d 160); *Sanders v. Harlem Baptist Church,* 207 Ga. 7 (59 SE2d 720); *Calvary Independent Baptist Church v. City of Rome,* 208 Ga. 312 (3) (66 SE2d 726); *St. Paul Fire &c. Ins. Co. v. Johnson,* 216 Ga. 437, 438 (117 SE2d 459); *National Union Fire Ins. Co. v. Carmical,* 99 Ga. App. 98 (la) (107 SE2d 700)); and (b) pretermitting the question of whether the stipulation of fact that "Fulton County and the bank are uncertain as to their rights and obligations under the law and especially under Section 36-615a of Georgia Code Annotated, relating to the pending appeal and desire the court to declare said rights and obligations" are sufficient to comply with the Act in the absence of proof (although alleged in the petition) that there is any uncertainty and insecurity with respect to the propriety of some future act or conduct which is properly incident to alleged rights and which future act without such direction might reasonably jeopardize the interest of the petitioner (see *Rowan v. Herring,* 214 Ga. 370 (105 SE2d 29); *Phoenix Assurance Co. v. Glens Falls Ins. Co.,* 101 Ga. App. 530 (114 SE2d 389); *Holcomb v. Bivens,* 103 Ga. App. 86 (118 SE2d 840)); and (c) pretermitting the question of whether jurisdiction of a declaratory judgment action will not be entertained if there is pending at the time of the commencement of the declaratory judgment action another action or proceeding to which the same persons are parties, in which are involved and may be adjudicated the same identical issues that are involved in the declaratory action (see in this connection Annotation, 135 ALR 934; *U. S. Fidel. &c. Co. v. Watson,* 106 Ga. App. 748, 750 (128 SE2d 515), *Shippen v. Folsom,* 200 Ga. 58 (7) (35 SE2d 915) (cf. hn. 3)); the only question remaining in the case is the determination of whether the bank under the facts in this case is an "own-

er" within the meaning of Section 15 of the Act of 1957 (*Code Ann.* § 36-615a) which would be required refund to Fulton County any money received by it in excess of the amount which might be found by the jury on appeal.

Section 15 of the Act of 1957 reads: "The tender, payment, or acceptance of the amount shall not prevent either party from prosecuting the appeal. Where separate and distinct parcels of property are condemned in the same proceeding, the owner or owners of any separate and distinct property may file a separate appeal to a jury in the superior court, as herein provided for. If the amount so awarded by the special master is less than that found by the verdict of the jury, the condemning body shall be bound to pay the sum so finally adjudged, less the amount previously deposited as herein provided, plus lawful interest on the difference from the date of the order of the special master, in order to retain the property; and if the verdict of the jury be less than the award of the special master, the owner shall be bound to refund any excess paid to or received by him and a judgment for such excess shall be rendered against him, plus lawful interest thereon from the date of such payment, to be collected by levy as in other cases. If no appeal be entered within 10 days after the award is filed, or if the condemning body shall fail to pay the amount of the award or final judgment, the clerk shall issue execution upon such award or judgment." The word "owner" is generally understood to mean the possessor of property even though the property is subject to liens or security deeds held by others which convey the legal title to such others to secure debt. *Crawley v. Knight,* 108 Ga. 132, 136 (33 SE 948); *Williams v. Chatham Real Estate &c. Co.,* 13 Ga. App. 42, 45 (78 SE 869); *Mills Lumber Co. v. Milam,* 57 Ga. App. 211 (194 SE 911); *Carroll v. Richards,* 50 Ga. App. 272, 273 (178 SE 178). In construing a statute, the ordinary signification shall be applied to all words, except words of art, or words connected with a particular trade or subject matter, and they shall have the signification attached to them by experts in such trade, or with reference to such subject matter. *Code* § 102-102 (1). See also *State of Ga. v. Camp,* 189 Ga. 209 (1) (6 SE2d 299); *Wellborn v. Estes,* 70 Ga. 390, 396. With the exception of the use of the word "owner" in the statute above cited, the words "condemnees" or "parties"

are used. It is obvious therefore that the legislature in using the word "owner," not only intended it to have its ordinary signification, but in doing so, also distinguished the owner from other condemnees. The argument that the owner did not receive the funds because they were paid directly to the bank by consent of all the condemnees (the bank having the first claim therefor) is without merit, as the owner received the benefit therefrom with his consent. The provisions of Section 16 of the Act (*Code Ann.* § 36-616a) sufficiently support this conclusion. That section provides: "When the condemning body has paid into the registry of the court, for the use and benefit of and subject to the demands of the condemnees, the amount of money provided for in the order of the special master, *the effect of such payment into the registry of the court shall be the same as if paid to the condemnees directly,* and provided that the clerk shall pay out such money to such condemnees, or their personal representatives, upon proper proof submitted to him as to the quantity of such interest and, where there are conflicting claims, he may require such conflicting parties to establish their claims before the court as is provided by law in other similar matters." (Emphasis supplied.) The securing of the consent order was nothing more than an agreement among those asserting rights in the property as to the priority of the bank.

Further, if we were to hold that money so paid by court order in the condemnation proceeding to a party condemnee holding a lien against the property must be paid back by the lien holder, even if it be credited on the debt, the debt be paid, the mortgage or lien canceled and the property conveyed to third parties, banks would be very insecure in their dealings with property and foreclosures on property in which they hold either a lien or title to secure a debt and in marking such instruments paid of record and losing their security, in the event they had to pay funds received back into court after a trial by jury. It is apparently for these reasons that the legislature used the word "owner" in the statute, so that once the money was disbursed for the benefit of the owner, no one but the owner would be required to reimburse the condemning authority. In our opinion, the trial court erred in its construction of the statute.

*Judgment reversed. Jordan, P. J., and Hall, P. J., concur.*