### 68965. KELLETT et al. v. DEPARTMENT OF TRANSPORTATION.
(329 SE2d 514)

BEASLEY, Judge.

This is an appeal from an order that condemnee-appellants Kel-

lett pay to condemnor-appellee Department of Transportation (DOT) the difference between the lower jury verdict and DOT's estimate of value, which previously had been paid into court and disbursed to the condemnees.

The Kelletts, brothers and sister, were owners of real property, a portion of which was taken in condemnation by DOT in a petition naming as condemnees the Kelletts, National Bank of Georgia (NBG) which held a deed to secure debt, and Chambers, a lessee who operated a store on the premises. DOT estimated the compensation for the taking at $38,280 and deposited this amount in court. The Kelletts filed notice of appeal to superior court seeking a jury trial; NBG and Chambers did not so appeal. Thereafter, by agreement of the Kelletts, NBG and Chambers the trial court disbursed the deposited funds; $23,914.09 to the Kelletts, $9,715.91 to NBG, and $4,650 to Chambers. The case then went to trial before a jury which returned a verdict of $32,000. Upon DOT's request, the trial court ordered the Kelletts to pay back to DOT $6,280, the difference between the amount deposited in court and the lower jury verdict, from which order this appeal is taken.

The Kelletts contend that the trial court erred in requiring them to pay back $6,280 by construing the $32,000 verdict as being for the interests of all the original condemnees (Kelletts, NBG and Chambers), because the Kelletts were the only condemnees who appealed and therefore the verdict was solely for their interest. They also contend that the trial court erred in denying their motion for a new trial made on the grounds that the verdict was based upon confusing and improper charges. *Held*:

1. We have examined the court's charge and find nothing confusing, misleading or improper therein. The Kelletts made no requests to charge nor did they object to the charge as given. Failure to object to any particular charge at trial waives appellate review of the charge. OCGA § 5-5-24; *Dept. of Transp. v. 2.734 Acres of Land*, 168 Ga. App. 541 (2) (309 SE2d 816) (1983).

2. The trial court did not misconstrue the verdict.

The trial was conducted to determine the fair market value of the land taken and any consequential damages to the property not taken, without regard to apportionment among the various interests in the property. Evidence of the fair market value ranged from $23,000 to $76,000 and evidence of consequential damage from nothing to over $31,500. The interests of NBG and Chambers were not placed in evidence. One appraiser valued a built-in cooler and safe in the building at $6,650 depreciated in place, which items the Kelletts claim on appeal belonged to Chambers, but the appraiser did not mention this property figure as belonging to Chambers. No values were apportioned to any of the various interests. The court charged the jury that

the only issue is "what constitutes just and adequate compensation for the property taken. By property I mean all property rights of any kind."

We find that the trial was clearly conducted to determine the value of all the interests in the property, without apportionment, and that the verdict was properly construed as being for all the interests in the property. The amount which the jury returned was its determination of the amount which DOT should have to pay for the property, based on the evidence.

As we have said in a factually similar case: "In appealing the amount due Great Southern, the only issue necessary to be litigated was the total amount of compensation due all condemnees, for the amount satisfactory to three of the four condemnees had already been ascertained and paid. The difference between the amounts paid to the three condemnees not appealing their award, and the total value of the property would be the amount due Great Southern. The court erred in litigating the amount due Great Southern and the total amount due for the entire fee." *Dept. of Transp. v. Great Southern Enterprises*, 137 Ga. App. 710, 715 (225 SE2d 80) (1976).

3. The court did not err in ordering appellants to repay the $6,280 difference between the jury verdict and the amount deposited by DOT.

OCGA § 32-3-15 provides for a condemnee to petition for an interlocutory hearing before a special master who may order that the condemnor pay into court additional moneys awarded by his decision. The additional award, upon application, must be paid to the condemnees providing they file a bond conditioned for repayment of any in excess of that awarded by the jury on appeal; "and, if the amount awarded by the jury is less than the original deposit, judgment may be entered against the condemnee for that part of the judgment not covered by the bond."

The same requirement applies to a condemnee who takes his appeal directly to a jury rather than through a special master proceeding to increase on an interim basis the original amount paid in. That condemnee must pay back any amount not included in the jury's verdict. OCGA § 32-3-19 (a) provides: "The court shall give such direction as to the disposition of the fund as shall be proper according to the rights of the several respondents." Further, in subsection (b): ". . . The court shall . . . enter judgment . . . in the amount of such verdict . . . ." The last word on value is the jury's verdict; it establishes the value. If it finds as fact that the condemnor underestimated the value of the land, the condemnor must pay more; if it finds as fact that the condemnor overestimated the value, the condemnee is not entitled to the proceeds of the government agency's mistake.

To follow appellants' reasoning, one who sought an additional

amount from a special master before jury trial would be forfeiting the windfall if the jury found the value was less than the estimates of DOT or the special master, while the property owner who did not pursue this interlocutory route would be entitled to the amount over and above the jury verdict. Their argument extends even further, allowing the windfall when only one of several owners appeals while not allowing it when all interested parties are before the jury.

To agree would run counter to the Constitution of Georgia, which prohibits donations, gifts, and the forgiveness of debts or obligations owed to the public. Ga. Const., Art. III, Sec. V, Par. VI (a). What is being spent here is public money, appropriated by the General Assembly. When the final arbiter, the jury requested by condemnees, finds that the state should have to pay a certain amount for the property because that is its value, no additional amount can be paid.

Condemnees not involved in the appeal are not before the court and the court would have no jurisdiction, under this statute, to order repayment by condemnees not parties to the proceedings. Compare *C & S Nat. Bank v. Fulton County*, 123 Ga. App. 323 (180 SE2d 905) (1971).

*Judgment affirmed. Carley, J., concurs. Birdsong, P. J., concurs specially.*

BIRDSONG, Presiding Judge, concurring specially.

I concur only because we are bound by *Morrison v. Dept. of Transp.*, 166 Ga. App. 144 (1) (303 SE2d 501). In my opinion, once a declaration of taking is filed and a sworn affidavit as to the value of the property is submitted and filed by DOT, I would treat this affidavit as an admission in judicio by DOT as to the value of the property, and binding on the condemnor.

DECIDED MARCH 5, 1985 —
REHEARING DENIED MARCH 28, 1985 —

*David H. Flint, Lynn C. Stewart*, for appellants.

*G. Conley Ingram, Robert D. McCallum, Jr., Charles S. Johnson III, Kenneth L. Levy, Michael J. Bowers, Attorney General, Marion O. Gordon, First Assistant Attorney General, Roland F. Matson, Senior Assistant Attorney General*, for appellee.